of Atlanta, could not create any lien, by their acts, upon the property they held in trust, without express authority to do so.

Judgment reversed.

H. E W. Palmer; Harrison & Peeples, for plaintiffs in error.

J. B. Goodwin; J. T. Pendleton, for defendant.

---

HARRISON *et al.*, EXECUTORS, *vs.* POWERS, AND *vice versa.*

COMPLAINT, FROM FULTON. Contracts Sunday. Charge of Court Bankruptcy. Evidence. Practice in Superior Court. Witness. Criminal Law. Constitutional Law. (Before Judge Hammond.)

[These cases were argued at the last term, and the decision reserved.]

Hall, J.—1. If drafts were accepted and delivered on Saturday, they were void between the parties, but if they were falsely dated as of another day, and came into the hands of an innocent holder, who took them for value without notice and in the due course of trade, the acceptor was estopped from setting up that defense in a suit against him by such holder. But if the contract of purchase was on Sunday, then it was not in the due course of trade, and the holder would not be protected. 62 Ga., 757.

(a) The acceptances sued on in this case were dated on Saturday, and the evidence in this record fails to show either that the holder was present at their execution, or that he knew they were executed on Sunday, or that they assigned to him and that he became their owner on that day.

(b) The charge contained in the fourth ground of the motion for new trial was literally correct, as far as it went.

(c) The charge contained in the fifth ground of the motion, while substantially correct, would have been more accurate, after instructing the jury that, if the transfer of the papers sued on was not finally completed on the Sabbath day, but was afterwards consummated on another day, then it would for all purposes be valid, and the plaintiff would be entitled to recover, if the court had omitted the latter clause of the charge, namely "unless some other good defense was established by the evidence, under the law, as the court will explain." In the connection in which it occurred, this charge was not sufficiently explicit or guarded.

2. The evidence in this record fails to show that the defendant paid the firm from whom he bought goods, or their assignees in bankruptcy, or the holder of the draft, for the goods purchased, and for which the acceptances sued on were made.

(a) It appears that the assignees, under an order of the court, had

a settlement with the holder of the draft for the effects traced to his hands, including these papers; that in such settlement he was allowed to retain these papers, and upon accounting for other effects that had come into his hands, to which the assignees were entitled, he was discharged from all suits seeking to render them liable on account of his dealings with the bankrupts, it being provided that he might retain "any collaterals which he might have uncollected until he collects his full unsettled balance" due from the bankrupts to him, after satisfying claims that he proved against them in the bankrupt court. It was conceded that neither the holder nor the acceptor could settle with the assignees unless the other settled with them, and it was not denied that the acceptor was cognizant of all that transpired in relation to this settlement, and it does not appear that he objected or set up any opposition to it until long after its consummation:

Held, that when this arrangement was completed, the jurisdiction of the bankrupt court over the subject was at an end, and the parties, in relation to the paper, occupied the same position as they would have done had it never been administered or disposed of in that court. 115 U. S., 348, 528.

(a) If the jury found that the holder was a *bona fide* holder of these acceptances, then this law should have been given them in charge, as applicable to these particular issues. instead of the charge given, as excepted to in tenth, eleventh and twelfth grounds of the motion for new trial.

(b) It is immaterial what was the motive of the defendant in making the arrangement for a settlement of the matters in bankruptcy, or what induced him to submit to the judgment then rendered, unless he was misled by the fraudulent representations or practices of a party thereby benefited, or unless he was so situated as that, by the exercise of diligence, he could not have obtained accurate knowledge of the facts which, in its absence, influenced him to act.

3. Testimony to the effect that the holder of the paper sued on was the uncle of one of the bankrupt firm from whom he obtained it, was admissible, as tending to show fraud in the dealings between the holder and the firm.

4. The allowing of the reintroduction of a witness after both sides had closed their case and after some argument and the intervention of a night, was a matter of discretion with which this court will not interfere, unless it is made manifest that the party objecting suffered serious detriment therefrom.

(a) The evidence rejected, as complained of in the ninth ground of the motion for a new trial, should have been admitted, both as tend-

ing to corroborate a witness for the plaintiff whose testimony had been attacked, and also as bearing upon the question on what day the holder became the owner of the acceptances.

5. One who is a party to the record, when offered to testify in his own favor with respect to the contract or cause of action in issue or on trial is incompetent, if the other party thereto is dead. 71 Ga., 168.

6. The pursuit of one's ordinary avocations on Sunday is an indictable offense, and a party is not bound to testify to such facts against himself; nor should he be subjected to injury for availing himself of the privilege of refusing to answer questions which might have a tendency either to criminate him or subject him to penalty. 14 Ga., 205, 258; Gravett *vs.* State, (September term, 1884).

(a) The other depositions relating to bankruptcy were irrelevant to any issues made by the pleadings, as they then stood, and if admissible under any circumstances, their rejection worked no injury, as the date of the dealings in bankruptcy was admitted.

Judgment on main case reversed; on bill of exceptions *pendente lite* and cross bill, affirmed.

H. C. Peeples; N. J. Hammond, for plaintiffs.

P. L. Mynatt; John D. Cunningham, for defendant.

---

POULLAIN *et al. vs.* POULLAIN, AND *vice versa.*

EQUITY, FROM GREENE. Auditors. Masters. Evidence. Reasonable Doubt. Charge of Court. Gifts. Admission. Fraud. Guardian and Ward. Ordinary. Accounts. Practice in Supreme Court. Verdict. Infancy. Amendment. Pleadings. Statute of Limintations. (Before Judge Lawson).

Hall, J.—1. An auditor's or master's report is *prima facie* correct as to the facts which it finds, and although it may be excepted to, it stands until overcome by evidence satisfactory to the jury, and the *onus* is upon the party excepting to show that it is erroneous; but it is not necessary, in order to overcome the presumption in favor of the report, that the evidence produced by the party excepting should be "so clear, strong, unambiguous and unequivocal as to leave in the minds of the jury no reasonable or serious doubt that the auditor erred or that his report was erroneous and should be overruled and set aside." The true rule as to the sufficiency or proof to overcome the finding of facts by an auditor or master, is that there should be a sufficient preponderance of evidence to satisfy the jury that there was error in the conclusion reached. Code, §§3097 (b), 4203, 3749; 56 Ga., 130; 30 Id., 619; 11 Id., 160; 17 Id., 559; 73 Id., 648 (in press); 71 Id., 649.