## THE FARMERS CO-OPERATIVE EXCHANGE COMPANY OF GOOD THUNDER v. UNITED STATES FIDELITY & GUARANTY COMPANY OF BALTIMORE.[1]

October 21, 1921.

No. 22,315.

**Fidelity bond — notice to defendant of defalcation.**

1. In an action on a fidelity bond which required plaintiff to give prompt notice whenever a defalcation was discovered, letters from plaintiff's attorney to defendant were admissible for the purpose of proving such notice, although they contained statements of the amount of the defalcation.

**Admissions of embezzlement admissible against surety.**

2. The admissions of the principal in the bond concerning his defalcations made to plaintiff's officers when they discovered and were investigating his misdoings and when he was still in plaintiff's employ, were admissible in evidence against defendant, his surety.

**Verdict sustained.**

3. The evidence is sufficient to sustain the verdict.

Action in the district court for Blue Earth county to recover $2,500 on an indemnity bond. The case was tried before Comstock, J., who at the close of the testimony denied defendant's motion for a directed verdict on the ground that plaintiff had failed to prove facts sufficient to constitute a cause of action, and a jury which returned a verdict for

[1]Reported in 184 N. W. 792.

the amount demanded and interest. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*Cray & Eaton,* for appellant.

*Ivan Bowen* and *S. B. Wilson,* for respondent.

TAYLOR, C.

Plaintiff operated an elevator at Good Thunder, Minnesota, and was engaged in the business of buying, shipping and selling grain. It employed one Emil O. Rosnow as manager and gave him full charge of the business, subject to the instructions given him from time to time by the president and board of directors. It procured a bond, executed by Rosnow as principal and defendant as surety, in which defendant agreed to make good and reimburse to plaintiff any loss sustained through any act of dishonesty on the part of Rosnow amounting to larceny or embezzlement. Plaintiff brought suit on this bond and recovered a verdict. Defendant appealed from an order denying its alternative motion for judgment notwithstanding the verdict or for a new trial, and presents 16 assignments of error.

Assignments 1 and 2 challenge the rulings of the court in admitting in evidence three exhibits, consisting of two letters written to defendant by plaintiff's attorney and a statement inclosed in the second letter showing the result of an audit of the books. These exhibits were offered for the purpose of showing that plaintiff had complied with a condition of the bond requiring it to give notice of any claim thereunder promptly after discovering the loss, and were received for no other purpose. The court, when admitting them, carefully explained to the jury that they were not evidence of any default on the part of Rosnow, but merely of the giving of notice to defendant. They were competent and material for this purpose, and the rulings were correct.

Assignments 3 to 7 inclusive challenge the rulings permitting plaintiff's president to testify to the market value of grain on the several dates on which Rosnow had shipped out grain that plaintiff claimed he had converted to his own use. These rulings were too obviously correct to require comment.

Assignments 8 to 13 inclusive challenge the rulings admitting in evidence the admissions of his misdoings made by Rosnow to plaintiff's president and board of directors. The objection urged to this evidence is that the admissions were not made at the time of the transactions to which they related but a considerable time thereafter.

Rosnow's admissions were to the effect that he had been speculating on his own account by buying and selling "futures" in grain on the board of trade; that these speculations had resulted in large losses; that he had conducted them in plaintiff's name without the knowledge of plaintiff's officers; that he had shipped out six carloads of plaintiff's grain and had wrongfully applied it in payment of these losses, and that he had concealed all these facts from plaintiff's officers as long as he was able to do so. These acts were committed in the course of his employment, and the losses of plaintiff resulting therefrom were losses for which defendant was liable under its bond. The admissions were made to plaintiff's president and board of directors while they were investigating what had become of this grain and its proceeds, and while Rosnow was still in plaintiff's employ as manager of its business. Proof of such admissions made by the principal under such circumstances is admissible as evidence against his surety. Lancashire Ins. Co. v. Callahan, 68 Minn. 277, 71 N. W. 261, 64 Am. St. 475; Capital Fire Ins. Co. v. Watson, 76 Minn. 387, 79 N. W. 601, 77 Am. St. 657; Hall v. U. S. Fidelity & Guaranty Co. 77 Minn. 24, 79 N. W. 590; 21 R. C. L. 1092, § 131; 1 Enc. Ev. 586; 2 Wigmore, Ev. p. 1277. It is true that the period covered by plaintiff's bond expired about a month before Rosnow made these admissions, but they related to transactions which took place during the period covered by the bond, and were made to the proper officers of plaintiff when they first discovered his default and in the performance of a duty which he owed to plaintiff. We hold that they were admissible against defendant, his surety.

Assignments 14 and 16 assert that the court erred in refusing to direct a verdict for defendant, and in refusing to grant a new trial. We will treat these assignments as raising the question whether the verdict is sustained by the evidence. They are clearly insufficient to raise any other question. 1 Dunnell, Minn. Dig. §§ 361, 363.

Defendant contends that the transactions which entailed the loss were hedging transactions made by Rosnow on behalf of plaintiff in the ordinary course of business. The evidence was ample to warrant the jury in finding that they were purely speculative transactions made by Rosnow wholly on his own account and for his own benefit, and without the knowledge of any of plaintiff's officers.

Defendant also contends that plaintiff failed to prove any loss resulting from Rosnow's wrongful doings, but we find ample evidence to justify the jury in finding that he disposed of six carloads of plaintiff's grain and wrongfully applied the proceeds thereof toward the payment of his losses, and that plaintiff never received any part of such proceeds. Defendant also contends that plaintiff failed to have its books audited as required by the bond, but the jury found the fact against it and the evidence is sufficient to sustain the finding. Defendant also contends that plaintiff was chargeable with notice of Rosnow's transactions from the entries in its books and records and by its conduct ratified them. Whatever may be the rule as to charging a corporation with notice of such transactions when they are entered in full on its books and the books are open for examination by its officers, it has no application here, for the evidence was sufficient to justify the jury in finding that the only record of these transactions consisted in the reports transmitted by the company with which Rosnow was dealing and that he withheld these reports from plaintiff's officers. It is true that these reports, or at least a part of them, were found in the files by the auditor employed by plaintiff to audit the books, and that he included them in making his audits, but this was not sufficient to charge plaintiff as a matter of law with knowledge of facts of which Rosnow intentionally kept its officers in ignorance. Apparently it was the shortage either in grain or funds shown by the last audit that led to the investigation which disclosed the true state of affairs. And we find nothing in the record which required the jury to find that plaintiff had either consented to, ratified or approved these transactions. The evidence taken as a whole fully justified the verdict.

The fifteenth assignment calls in question certain portions of the

charge to the jury. The charge was full, clear and eminently fair, and we find nothing therein of which defendant has any cause to complain.

Order affirmed.