L. K. STEIN AND ANOTHER v. J. T. KELLY AND ANOTHER.[1]

December 2, 1927.

No. 23,336.

**Pleading—answer stricken.**

After surety had apparently satisfied itself of amount due from principal to plaintiff for merchandise sold, it had no meritorious defense to the action and its liability was clear; court therefore correctly struck out its answer of general denial as sham and false. [Reporter]

Evidence, 22 C. J. p. 405 n. 43.
Pleading, 31 Cyc. p. 626 n. 10.

Defendant Hartford Accident & Indemnity Company appealed from an order of the district court for Hennepin county, Nye, J. striking out its answer as sham and frivolous. Affirmed.

*Sexton, Mordaunt & Kennedy,* for appellant.
*Sander Cotlow,* for respondents.

[1]Reported in 216 N. W. 792.

PER CURIAM.

The appeal is from an order striking an answer as sham and frivolous.

Plaintiffs sued J. T. Kelly, a licensed dealer in produce, and appellant, his surety upon the bond given pursuant to G. S. 1923, § 6226, subd. (b), for potatoes of the agreed price of $439.50 sold to the principal, J. T. Kelly, during the life of the bond. Kelly defaulted, and appellant answered denying all the allegations of the complaint except it admitted the execution of the bond. Neither pleading was verified. Plaintiffs on affidavits moved to strike the answer as sham and frivolous. There were no opposing affidavits.

From plaintiffs' showing it appears that prior to suit and after unsuccessful demands upon the principal for payment demand was made upon the surety; that the attorneys who now represent the surety wrote plaintiffs' attorney requesting a certified statement from Kelly of the amount due and saying: "If you do this we believe that we can put your claim through for payment;" that a statement verified by the oath of Kelly was procured; that upon receipt thereof appellant's attorneys acknowledged the same and stated: "We note that you make demand for interest from March 13th. This we will not pay and if you insist upon us doing so we shall not be in a position to pay this claim."

Appellant, in the investigation of a claim made upon its bond, having called for and having been furnished the evidence it desired to satisfy itself of the amount due plaintiffs from Kelly so that it was apparently convinced of the correctness thereof except as to the matter of interest, which the law takes care of, there really remained to it no meritorious defense. When the amount of Kelly's debt to plaintiffs was established, appellant's liability therefor was clear. After it was so established by the proof called for by appellant, its answer of general denial thereafter interposed could well be considered sham and false in the absence of any showing avoiding or questioning the proof it had accepted as adequate. It also may be said that the verified statement was an admission by Kelly made in the investigation of a transaction for which the bond was given at the instance of appellant and therefore evidence against it. Farmers Co-op. Exch. Co. v. U. S. F. & G. Co. 150 Minn. 126, 184 N. W. 792. Upon the uncontroverted showing of plaintiffs, it cannot be held that the court erred in striking appellant's answer as sham and frivolous, interposed merely for delay.

The error in the complaint as to the year the bond was executed is so clearly a typographical or clerical mistake that it merits no notice.

Affirmed.