WATSON *v.* PADGETT *et al.*

JENKINS, Chief Justice. Grady W. Watson filed habeas corpus proceedings against L. M. Padgett, seeking the custody of two minor children, a girl eight years of age and a boy ten years of age. Watson is the father of the children, and Padgett is the maternal grandfather. Upon the hearing it appeared that the plaintiff Watson and his wife were divorced in June, 1946, and custody of the two children was awarded to the mother. She lived with the children in Macon until December, 1946, when the children were carried by the mother to the home of Padgett. The mother moved to Atlanta in January, 1947, and remarried. She and her present husband lived in one room for several months, and at the time of the hearing they had not been able to obtain living quarters in Atlanta large enough to accommodate the children. She had continually tried to find living quarters for herself and her children in Atlanta, but had been unable to rent or buy. She was continuing her efforts and proposed to move her children to Atlanta when she could find a place for them to live with her. She left the children with her father only until such time as she could find living accommodations for them in Atlanta. Padgett made no claim to the custody of the children in his own right, but simply contended that he should be permitted to keep the children for the mother until she could secure a home. The mother and her husband both work in Atlanta. She contributes to the support of the children and visits them every two weeks. The trial

court rendered the following judgment: "After hearing the evidence and the argument in this case, and it appearing to the court that the temporary custody of the children has been entrusted to the maternal grandfather by the mother, pending her location of a suitable residence in the City of Atlanta, it is the judgment of the court that the custody of the children and their control should still be continued in the mother. Judgment is therefore rendered in favor of the defendant in this case, who under the record and evidence is holding the children under the control and direction of the mother." The exception is to this judgment. *Held:*

There having been an award of the custody of the children to the mother in the divorce proceedings, the father could not prevail in this habeas corpus proceeding unless there had been a change in condition since the rendition of the judgment awarding custody to her. It is contended that there has been a change in condition, in that the mother has abandoned the children or has surrendered custody of the children to her father. The trial court held that the temporary custody of the maternal grandfather, under the facts of this case, was in fact the custody of the mother; and that there had been no change in condition such as would authorize him to interfere with the judgment awarding custody in the divorce proceedings. In so ruling, the trial judge did not abuse his discretion. The evidence amply justified his findings. The ruling here made is not in conflict with anything said in *Hill* v. *Rivers*, 200 *Ga.* 354 (37 S. E. 2d, 386), and cases there cited. In that case the mother, to whom the custody of the child was awarded, had, subsequently to the judgment awarding custody to her, clearly forfeited her right to the custody by improper conduct. If that fact had appeared in the present case, the father, of course, would have the prima facie right to the custody of his children. But under the facts disclosed by the record, the trial court was authorized to find that the temporary custody of the defendant Padgett was in fact the custody of the mother, and that there was no change in condition such as would authorize him to change this custody. See *Watson* v. *Lumsden,* post (44 S. E. 2d, 231).

It follows from what has been said that there is no error in the judgment complained of.

*Judgment affirmed. All the Justices concur, except Wyatt, J., who took no part in the consideration or decision of this case.*

No. 15902. SEPTEMBER 5, 1947.

*Nelson & Nelson* and *Edward F. Taylor,* for plaintiff.
*R. M. Daley,* for defendants.