## WATSON v. LUMSDEN:

JENKINS, Chief Justice. 1. "A judgment overruling a demurrer to an answer, unless excepted to and reversed, concludes the plaintiff as to the legal sufficiency of the answer; and if the same goes to the whole of

the plaintiff's demand and is duly supported by evidence, a complete defense is established." *Louisville Coffin Co.* v. *Rhudy,* 111 *Ga.* 827 (35 S. E. 632).

(a) In the instant case, since the plaintiff did not except to the order of the trial court overruling general demurrers to the defendant's response —in which facts constituting wilful abandonment were alleged as a defense in an action for contempt—if such defense were supported by the evidence, the plaintiff could not after a trial take the position that wilful abandonment did not constitute a legal defense. This is true for the reason that the order of the trial court overruling general demurrers to the answer, unless reversed, would become the law of the case and thereby establish the legal sufficiency of such a defense.

2. In the instant attachment-for-contempt proceeding, instituted by a mother for failure of a father to make certain payments in accordance with a decree for divorce and alimony providing for the support of two named minor children, the defense pleaded by the father to the effect that the mother did not care to keep the custody of the children, and that she had voluntarily surrendered their custody and control to their maternal grandparents, was not supported by the evidence. On the contrary, the evidence of the mother, which is uncontradicted, shows, that the children were placed in the home of her parents as a temporary expedient, that she contributes between $50 and $55 a month for their necessities, that she visits them twice monthly, that she is looking for an adequate home for them, and that she has not surrendered custody of the children to anyone. See, in this connection, *Watson* v. *Padgett,* ante (44 S. E. 2d, 232).

3. Under the foregoing rulings, the trial court did not err in finding that the defendant had failed to show sufficient reason for failure to comply with the decree of court, and in ruling him in contempt for failure to make payments for the support of his minor children as required by said decree.

*Judgment affirmed. All the Justices concur, except Wyatt, J., who took no part in the consideration or decision of this case.*

No. 15906. September 5, 1947.

*Edward F. Taylor,* for plaintiff in error. *Hallie B. Bell,* contra.