## GRIFFIN v. LOMAN.

No. 16797. November 14, 1949.

E. H. Stanford, for plaintiff.

R. Pruden Herndon, for defendant.

ATKINSON, Presiding Justice. (After stating the foregoing facts.) "Where a general demurrer has been heard and adjudicated, the court will not on a motion subsequently made to dissolve the injunction on the coming in of the answer, consider any objection to the bill that was properly involved in the demurrer." McGinnis v. Justices of the Inferior Court, 30 Ga. 47. See also Byrd v. Goodman, 195 Ga. 621 (2) (25 S. E. 2d, 34); Watson v. Lumsden, 202 Ga. 607 (1) (44 S. E. 2d, 231). "The rule that this court will not interfere with the discretion of the trial judge in granting or refusing an injunction where the evidence is conflicting does not apply when the question to be decided by the trial judge is one of law." Washington National Ins. Co. v. Savannah, 196 Ga. 126 (26 S. E. 2d, 359).

In the present case, the equitable petition for injunction prayed only that the defendant be enjoined from illegally prosecuting a dispossessory proceeding against the petitioner's daughter. The defendant demurred on the grounds hereinbefore set forth. The court after hearing evidence entered a restraining order. At a subsequent term the court overruled all grounds of demurrer, thereby leaving for future determination by a jury the issue of fact as to whether or not said daughter (defendant in the dispossessory proceeding) had been substituted as a tenant in lieu of the petitioner.

The facts in Shackelford v. Riddling, 198 Ga. 827 (4) (33 S. E.

2d, 14), were similar in all respects to those of the present case. There the trial court overruled a general demurrer, and after hearing evidence, entered a restraining order leaving to future determination by a jury the issues of fact as to whether any of the timber purchased remained unremoved. Subsequently the court on motion dissolved the injunction. In reversing that judgment, this court held that the trial court did not, on a subsequent motion to dissolve the injunction, have power to override its previous judgment on demurrer by holding that, as a court of equity, it had no power, because of the alleged breach of the agreement by the defendant, to extend the time for the execution of the contract.

Applying the foregoing principles to the facts of the present case, the trial court, without hearing additional evidence and in the absence of any change in conditions, did not, on a subsequent motion to dissolve the injunction, have power to override its previous judgment on the demurrer by holding that, under the authorities cited by the defendant, the dispossessory proceeding against the daughter could proceed.

The present case differs on its facts from *Lawson* v. *Haygood*, 202 *Ga.* 501 (43 S. E. 2d, 649), where it was held that the trial court had the power during the same term of court to vacate a judgment for the purpose of considering an amendment.

*Judgment reversed. All the Justices concur.*