## TREADWELL *v.* TREADWELL.

No. 17925. ARGUED JULY 14, 1952—DECIDED NOVEMBER 12, 1952—REHEARING DENIED NOVEMBER 25, 1952.

*John J. Flynt Jr.,* for plaintiff in error.

*Christopher & Futral* and *Mrs. Gladys T. Medlock,* contra.

ALMAND, Justice. On August 1, 1949, James L. Treadwell filed a suit for divorce against Amy Mary Shea Treadwell on the ground of the defendant's habitual intoxication, charging that she neglected their children and was unfit to have their control and custody, due to her habitual intoxication. Among the prayers of the petition was one that the custody of their three children be awarded to him. The defendant filed her

answer, in which she denied the material allegations of the petition, and prayed that she be granted a total divorce and custody of the children. A jury trial having been waived, the court entered a decree on October 3, 1949, granting a total divorce between the parties, and awarding the children to the defendant, with the right of the plaintiff to have the children visit him at stated periods. On April 8, 1952, the plaintiff filed a petition which sought to amend the decree of October 3, 1949, so as to award the custody and control of the children to him. In his petition to modify, the plaintiff alleged: that, since the date of the divorce decree, the defendant has forfeited any and all rights that she has to the custody of the three children, 13, 10, and 8 years of age, in that she has violated promises made at the time the decree was entered that she would conduct herself in a ladylike manner and would not engage in the practice of drinking intoxicating liquors and beverages, and she has constantly engaged in drinking such liquors and beverages, to the extent that she would be incapacitated to look after and care for the children, and this practice has been constant and continuous through most of the time since she was awarded custody of the children; and that the plaintiff has since remarried and has a good home in which the children could be reared and cared for, and under the circumstances he is entitled to have their custody and care. The defendant filed general and special demurrers to the petition, and also a response.

The only grounds of special demurrer now insisted on are: (1) that the allegations of paragraph 4 of the petition were insufficient to apprise the defendant as to the times, dates, or places where she was intoxicated; (2) that the allegations of paragraph 4 as to the collateral agreement should be stricken, for the reason that the original decree awarding the custody of the children contained no agreement on her part as to her future conduct; and (3) that the allegations contained in paragraph 6 were inconsistent with those contained in paragraph 4.

After overruling the general and special demurrers, to which orders exceptions pendente lite were duly filed, the court, after hearing evidence, entered an order on April 23, 1952, awarding the custody of the children to the plaintiff. By bill of exceptions the defendant assigns error on this order, as well as on her exceptions pendente lite.

438

■ A decree of divorce, in which the custody of a minor child is awarded to one of the parties, is conclusive between the parties to the divorce decree as to the right of that parent to the custody of the child, unless a change of circumstances affecting the interest and welfare of the child is shown. *Sells* v. *Sells,* 172 *Ga.* 911 (159 S. E. 237) ; *Shields* v. *Bodenhamer,* 180 *Ga.* 122 (178 S. E. 294).

The petition of the father to change the previous order of the court which awarded the minor children to the mother specifically alleges: that, since the date of said judgment, the mother has forfeited "any and all rights that she may have to the custody of the children, in that she has violated all of the promises that she made at the time said order was entered, that she would conduct herself in a ladylike manner and would not engage in the practice of drinking intoxicating liquors and beverages, and would be careful as to her conduct and would at all times take the best care of said children"; and said children should be awarded to him because since the date of the decree she has been constantly engaged in the practice of drinking intoxicating liquors, such intoxication being constant and continuous through most of the time since she was awarded custody of the children.

A majority of the court are of the opinion that, in view of the fact that the husband's petition for divorce was on the ground of the habitual intoxication of the wife, the allegations in his petition to change the award of custody on the ground of the failure of the mother to keep the promises made by her at the time the order was entered, warrant a conclusion that, at the time the court awarded the minor children to her, she had ceased to engage in the practice of drinking intoxicating liquors, and were sufficient to show that there had been since the award a material change in her conduct affecting the interest and welfare of the children, by reason of her subsequently engaging in the constant use of intoxicating liquors. In the view of the majority, it was not error for the court to overrule the general demurrer to the petition to modify, nor to overrule special demurrer No. 2 to the petition.

■ Special demurrers Nos. 1 and 3 were properly overruled.

■ Much evidence was introduced before the trial judge con-

cerning the use of intoxicating liquors by the mother since the custody of the three children was awarded to her. Also there was introduced in evidence a writing entitled "Collateral Agreement between James L. Treadwell and Amy Mary Shea Treadwell," dated October 1, 1949, which was two days prior to the date the children were awarded to the mother, which writing recited as follows: "It is specifically agreed between the plaintiff and the defendant that, in the event the said defendant is arrested for misconduct, and is convicted in any court or by any authorized jurisdiction, or by forfeiture of bond admits guilt, or by a showing in court such conduct is proven by a showing of sufficient evidence in court, then the said defendant, Amy Mary Shea Treadwell, forfeits rights of occupancy of the house and custody of the children accruing under this decree now pending in the Superior Court of Spalding County, Griffin Judicial Circuit, to be determined on Monday, October 3, 1949. All other rights and privileges likewise terminate thusly."

The mother on the hearing testified that she did drink, but denied that she was drinking more than she was prior to the date of the divorce decree and award of the children, and that she had endeavored in many ways to stop drinking and was able to do so at times, but could not properly control herself, but that she believed she would be able to stop altogether. Under all the evidence, the court was authorized to find that the mother was a person addicted to the excessive use of alcoholic liquors; that, as defined in Webster's New International Dictionary, she was an alcoholic; and that the interest and welfare of the children could best be served by changing the custody from the mother to the father.

*Judgment affirmed. All the Justices concur, except Wyatt, Hawkins, and Almand, JJ., who dissent from the ruling in division 1 of the opinion, and from the judgment of affirmance.*

ALMAND, Justice, dissenting. It affirmatively appears from the record that the father's cause of action for a divorce and his claim to the custody of the children were based upon allegations that the mother had been guilty of habitual intoxication. The final decree, which awarded the custody to the mother, raised a presumption that she was a fit and proper person to have custody of the children as of the date of the decree. If the

father was entitled to have the judgment modified or vacated, it is incumbent upon him to affirmatively allege and prove that there had been a change of facts and circumstances materially affecting the welfare of the children since the date of the decree. There is no allegation in the petition to change the award that the drinking of intoxicating liquors by the mother was any different from what it was as of the date of the award. Nor is there any allegation that the interest and welfare of the children, in so far as the mother's conduct is concerned, have been materially changed or affected since the date of the decree. In my opinion the petition was subject to the general demurrer and ground 2 of the special demurrer, and it was error for the court to overrule these demurrers.

I am authorized to say that Wyatt and Hawkins, JJ., concur in this dissent.