20218. GAUGHF *v.* GAUGHF.

ARGUED SEPTEMBER 9, 1958—DECIDED OCTOBER 10, 1958.

*Bloch, Hall, Groover & Hawkins,* for plaintiff in error.

*Buckner F. Melton, Mallory C. Atkinson, Wm. M. West, So-licitor-General,* contra.

ALMAND, Justice. The judgment under review is one awarding the custody of minor children to the father in a habeas corpus proceeding in the Juvenile Court of Bibb County.

On January 6, 1958, in a divorce proceeding between Mrs. Anna Mae Gaughf and Turner M. Gaughf, the custody of their five children, four girls and one boy, ranging in age from eleven years to two, was awarded to the mother, with rights of visitation by the father. On March 1, 1958, the father instituted habeas corpus proceedings in the Superior Court of Bibb County, seeking an award of the children to him on the ground that, since the date of the award of the children to the mother, there had been a material change of circumstances surrounding the children which substantially affected their welfare and best interests, making the mother an unfit and improper person to have custody of them. It was alleged that the mother had been guilty of im-

moral conduct with one Lee Joiner, a married man, and that the conduct and association of the mother with Joiner in the presence of the children creates in the home of the mother conditions and circumstances detrimental and dangerous to the moral and general welfare of the children.

The sole question for decision is whether, under the evidence and the law, the trial judge abused his discretion in taking the custody of the children from the mother and awarding their custody to the father. It is the contention of the mother that the evidence does not support a finding that there had been such a material change of circumstances between January 6, 1958, and March 1, 1958, which affected the welfare of the children, as would authorize a change of custody.

The brief of evidence, consisting of 298 pages, in the main relates to the relationship of the mother to and with one Lee Joiner in the home where the children resided between January 6, 1958, and March 1, 1958. The trial judge was authorized to conclude from the evidence that the mother during this period on an average of three or four days each week associated in her home with Joiner, a married man, whose reputation for immoral conduct was bad; that he was seen in the mother's house at various times from early morning to late at night; that he cooked and ate many of his meals with the mother; that endearing terms, in the presence of some of the children, such as "Honey" and "Sweetheart" were exchanged between Mrs. Gaughf and Joiner; that some of the children knew that he was married; that the mother told the father she had found "a good father" for the children; that they told one of the children they were going to be married; that Joiner drove Mrs. Gaughf's car and acted as head of the household; that the mother on one occasion over the telephone with Joiner listening in on an extension used profane and vulgar language in her conversation with the father; and that there had been a change in the language and habits of the children since the mother began her association with Joiner.

The evidence was such that the court could conclude that the mother's conduct with Joiner in the presence of the children would likely degrade their moral character, two of the children being of an age where impressions, good or bad, have a lasting

effect on their future lives. The evidence shows that the father is able to provide a home for them, and that he is a fit and proper person to have their custody. We cannot say that the trial judge abused his discretion in awarding custody of the children to the father.

*Judgment affirmed. All the Justices concur.*