## 24657. DURDEN v. DURDEN.

FRANKUM, Justice. 1. The mother of a minor child brought a proceeding in the nature of a habeas corpus against the father seeking to have the custody of the child, whose custody had been awarded to the father in a divorce decree awarded to her. The alleged basis of the plaintiff's complaint was that since the rendition of the divorce decree there had been a change in conditions and circumstances relating to the defendant which materially and directly affect the general welfare of the child. The complaint was brought in the Superior Court of Bibb County and was by the judge of that court referred to the Juvenile Court of Bibb County for the determination of all issues as to the custody of said child. The judge of the juvenile court, upon hearing the matter, rendered a judgment remanding the child to the custody of the father. The appeal here is from that judgment.

2. The first ground of enumerated error contends that the trial judge erred in dismissing the petitioner's complaint. However the record shows that the written order appealed from did not dismiss the complaint and therefore this ground of enumerated error is without merit.

3. In the second ground of enumerated error complaint is made that the trial judge erred in ruling that a person having custody of a minor child under a court decree has the legal right to forfeit such custody to a stranger to the decree. The evidence in the case shows that the father is a practicing physician in Bibb County, Georgia. His parents reside in Twiggs County, Georgia, and he contended that he maintained his legal residence there. (There was a plea to the jurisdiction which was overruled. No exception to that judgment is before this court.) For the sake of convenience and in order to afford proper care for the child in question, the defendant arranged with his parents for the child to stay in their home under their immediate supervision. While the father does not contribute any definite amount of money to the support of the child, the trial court was authorized to find that he does in fact contribute to the child's support in various ways, and that he had not abandoned his parental responsibilities. While at the time of the divorce decree in March of 1967, he was spending some 3 or 4 nights a week with the child in his parents' home he was at the time of the trial in this case

spending only 3 or 4 nights a month in his parents' home with the child. Under these facts the trial court was authorized to find that the custody by the defendant's parents was in fact his custody under the principles enunciated in such cases as *Miller v. Wallace*, 76 Ga. 479 (2 ASR 48), and *Watson v. Padgett*, 202 Ga. 606 (44 SE2d 232). Nothing appearing in the cases of *Hill v. Rivers*, 200 Ga. 354 (37 SE2d 286) and in *Sessions v. Oliver*, 204 Ga. 425 (50 SE2d 54), requires a decision contrary to that which we here make.

4. Viewed as a whole, there was no real conflict in the evidence. While the trial judge was authorized to find, as he undoubtedly did find, that the defendant, subsequent to the award of custody of the child to him had been guilty of immoral conduct, the evidence showed that this took place in Bibb County, and not in the presence of, or with the knowledge of, the child, who was at the home of its grandparents in Twiggs County. There was no evidence that the environment and atmosphere in the home of the defendant's parents was not good or that the child was mistreated or not well cared for in that home. It is, of course, fundamental in cases such as this, that the award of custody of children in a divorce decree is binding upon the parties thereto upon the principles of res judicata, under the facts then existing, and that upon the hearing on an application in the nature of a habeas corpus seeking a change of the custody of the child based on a change in the conditions affecting the welfare of the child, that the trial judge is vested with a sound legal discretion which will not be disturbed by the appellate court unless he has clearly abused it. *Code Ann.* § 74-107; *Gaughf v. Gaughf*, 214 Ga. 483 (105 SE2d 314); *Thompson v. Thompson*, 214 Ga. 618 (106 SE2d 788); *Mallette v. Mallette*, 220 Ga. 401, 404 (3) (139 SE2d 322). It cannot be said that the trial judge abused his discretion in this case.

5. Since the portion of the judgment which undertook to define the visitation rights of the petitioner, if it amounted to a modification of the divorce decree as to her right to visit her child, was favorable to the appellant, she will not be heard to complain of it in this appeal. *Jackson v. Davis*, 203 Ga. 39 (45 SE2d 278).

*Judgment affirmed. All the Justices concur.*

SUBMITTED MAY 14, 1968—DECIDED JUNE 20, 1968.

*Adams, O'Neal, Steele, Thornton & Hemingway, Kice H. Stone,* for appellant.

*Abe Crosby, Jr., Gerald S. Mullis,* for appellee.