RALPH HEGMAN COMPANY v.
TRANSAMERICA INSURANCE COMPANY.

198 N. W. 2d 555.

June 16, 1972—No. 43222.

*Meagher, Geer, Markham & Anderson, James F. Roegge,* and *O. C. Adamson II,* for appellant.

*Arthur D. Walsh* and *Gordon J. Berg,* for respondent.

Heard before Knutson, C. J., and Rogosheske, Todd, and Gunn, JJ.

WILLIAM D. GUNN, JUSTICE.*

Defendant-appellant, Transamerica Insurance Company, issued a "Fidelity One Act Grain Bond," i. e., a special employee fidelity bond, on codefendant Larkin Mergenthal,[1] who at the time the bond was issued was an employee of Ralph Hegman Company, plaintiff-respondent. During Mr. Mergenthal's tenure as a grain elevator manager for the plaintiff corporation, apparent shortages developed. Plaintiff corporation thereafter filed a claim for reimbursement from Mergenthal and the appellant insurer; these claims are the subject of this lawsuit. The court, sitting with a jury, gave judgment for the plaintiff against Transamerica for an amount equal to the limit of its obligation under the bond.

Transamerica raises two issues on appeal: (1) Whether the use of the Larkin Mergenthal deposition was proper at the trial; and (2) whether there was sufficient evidence introduced to support a claim under the terms of the fidelity bond.

---

*Acting as Justice of the Supreme Court by appointment pursuant to Minn. Const. art. 6, § 2, and Minn. St. 2.724, subd. 2.

[1] Defendant Larkin Mergenthal appeared pursuant to court order for a deposition on October 30, 1968, but made no appearance either at the trial level or appellate level in this action. Default judgment was entered against him by the trial court for an amount considerably in excess of the amount of the bond.

1-2. As to the use of the deposition, we find that it was properly introduced and received in the absence of defendant Mergenthal, as the deposition of a party may be used by an adverse party for any purpose. Rule 26.04, Rules of Civil Procedure. The witness' lack of competency, due to fatigue, was also cited as an objection to the admissibility of the testimony in the deposition. The determination of the competency of a witness lies within the discretion of the trial judge, State ex rel. Dugal v. Tahash, 278 Minn. 175, 153 N. W. 2d 232 (1967); and when a deposition is sought to be introduced, the determination of the competency of the witness should be treated in the same manner. Rule 26.05, Rules of Civil Procedure.

3. Another objection to use of the deposition is that Mergenthal on several occasions refused to answer questions relating to his alleged dishonesty or fraud on the ground that the answers might incriminate him. Appellant argues, therefore, that the use of the deposition prejudiced its cause by presenting non-evidence from which the jury should not have been permitted to draw adverse inferences. To support its contention, appellant cites a number of cases from other jurisdictions.

With the exception of United States v. 5 Cases, 179 F. 2d 519 (2 Cir. 1950), the cases cited are criminal cases. The authorities generally distinguish between civil and criminal actions in considering this issue. Minnesota decisions in criminal cases, like those in most states, hold that it is usually prejudicial error for the prosecution to call a witness if the prosecutor knows that the witness will assert his Fifth Amendment privilege and thereby reflect adversely upon the defendant. See, State v. Jones, 277 Minn. 174, 152 N. W. 2d 67 (1967), and cases cited therein. In civil cases, a different rule has been applied in Minnesota and elsewhere. See, Allen v. Lindeman, 259 Iowa 1384, 148 N. W. 2d 610 (1967); Christenson v. Christenson, 281 Minn. 507, 162 N. W. 2d 194 (1968); Molloy v. Molloy, 46 Wis. 2d 682, 176 N. W. 2d 292 (1970). The inference that may be drawn from invoking the privilege of the Fifth Amendment is not limited to

those cases where the party claiming the privilege is seeking affirmative relief. Molloy v. Molloy, *supra.*

In this case the party prejudiced by disclosure of the Fifth Amendment claim is not the party who asserted the privilege. However, appellant had agreed to indemnify plaintiff against loss resulting from dishonesty or fraud on the part of Mergenthal. It had, therefore, assumed certain responsibility for Mergenthal's acts of the kind involved herein. If the jury could properly have been permitted to draw inferences in favor of plaintiff against Mergenthal because of his assertion of privilege on its claim against him, there seems no sound reason why the jury should not be permitted to draw the same inferences in considering the substantially identical claim of plaintiff against appellant. The rule is stated thus:

"Statements of a principal, made as a part of an act or transaction for which the surety held himself liable, are admissible as admissions against the surety." 7 Dunnell, Dig. (3 ed.) § 3414.

See, also, the cases cited under note 57 therein. Among those cases, Farmers Co-op Exch. Co. v. U. S. Fidelity & Guaranty Co. 150 Minn. 126, 184 N. W. 792 (1921), and Ceylon Farmers Elev. Co. v. Fidelity & Deposit Co. 163 Minn. 280, 203 N. W. 985 (1925), are of special interest. Both involved grain elevator employees whose fidelity was covered by a bond. Contrary to appellant's assertion, we hold that under the circumstances of this case use of the Mergenthal deposition was not error because Mergenthal asserted his privilege against incrimination.

The question of whether the same rule should apply to a nonparty witness who is totally unrelated to either party in an action is not necessarily controlled by the above analysis. In United States v. 5 Cases, *supra,* where a nonparty who asserted the privilege was called, the court, while finding no error under the circumstances presented, said:

"* * * Nevertheless we are not prepared to say that it would not be ground for reversal if the party who called a witness

\* \* \* knew, or had reasonable cause to know, before putting the witness on the stand that he would claim his privilege." 179 F. 2d 523.

Neither are we prepared to say that in a proper case it would not be ground for reversal to call a witness under the circumstances recited by the Federal court. But decision on the point should await a case where the witness does not have a relationship to the party prejudiced similar to that which Mergenthal had to appellant.

Other objections to the introduction and use of the deposition have been considered and are unfounded.

4.  Appellant also argues that there was insufficient evidence upon which the jury could find liability under the bond. The issue was not pressed in oral argument. Contract provisions are involved, and it was within the province of the jury to determine if those provisions were met. Only in extreme cases can we upset such a factual finding by a jury. Johnson v. Lorraine Park Apts. Inc. 268 Minn. 273, 128 N. W. 2d 758 (1964). This is not such a case. We find there was sufficient evidence upon which the jury could base its decision.

Affirmed.

MR. JUSTICE MACLAUGHLIN, not having been a member of this court at the time of the argument and submission, took no part in the consideration or decision of this case.