## 27307. CHELENA v. CHELENA.

HAWES, Justice. This is a child custody case. In a prior divorce proceeding custody of the three children of the parties was awarded to the wife, who was the defendant in the court below and appellant here. The father of the children instituted this petition for habeas corpus alleging that the defendant was detaining the children, girls, 6, 7 and 8 years of age, in an intolerable situation in that she was living openly and notoriously with a married man who was not her husband; that she habitually consumed excessive amounts of alcoholic beverages, and that the health and welfare of the children had been placed in jeopardy. On the trial of the case the evidence was in conflict. However, there was ample evidence to authorize the trial court to find that since the children had been awarded to the defendant she had habitually consumed excessive amounts of alcohol; that she was in fact an alcoholic; that she possessed a violent temper which she vented not only on the plaintiff in the presence of the children on the occasions when he came to exercise his rights of visitation, but, also, on the children themselves; that in one of those fits of temper she struck one of the children in the head with the heel of her shoe, inflicting a permanently scarring injury to the head of the child; that she frequently created public scenes with the plaintiff in the presence of the children which had a very upsetting effect on them; that she left the children for long hours with baby sitters without informing them as to where or how she could be contacted; that for several months she had regularly entertained, in the apartment where she and the children lived, a married man who was not her husband and who frequently spent the night with her; that she and this same man made a trip to St. Petersburg, Florida, accompanied by the children and that for at least a part of the time during that trip the children occupied the same motel room with her and the married man; that since the institution of this

proceeding the man above referred to has been divorced by his wife and he and the defendant have married and are living together; that he, like the defendant, is an alcoholic, and that alcohol in excessive amounts is regularly consumed by the defendant and her present husband, which excessive consumption is likely to continue in the future. In view of this evidence, the trial court was authorized to find that the conditions in the home which the defendant was maintaining for the children and would likely maintain in the future created an undesirable atmosphere detrimental to the health and welfare of the children. There was evidence that the plaintiff was a fit person to have the custody of the children and that he is able to provide a satisfactory home life for them. It cannot be said that the trial judge abused his discretion in awarding their custody to him. The principles which we apply in affirming the judgment of the trial court in this case are amply set forth in the authorities cited. See *Attaway v. Attaway,* 194 Ga. 448 (22 SE2d 50); *Handley v. Handley,* 204 Ga. 57, 59 (48 SE2d 827); *Treadwell v. Treadwell,* 209 Ga. 436 (73 SE2d 94); *Gaughf v. Gaughf,* 214 Ga. 483 (105 SE2d 314); *Hobby v. Eubanks,* 224 Ga. 51 (1) (159 SE2d 701); *Durden v. Durden,* 224 Ga. 417 (4) (162 SE2d 385); *Tyree v. Jackson,* 226 Ga. 690, 695 (177 SE2d 160). The evidence authorized the order awarding custody of the children to the father.

*Judgment affirmed. All the Justices concur.*
ARGUED JULY 11, 1972—DECIDED OCTOBER 23, 1972.

*Zachary & Segraves, William E. Zachary, Jr.,* for appellant.
*Charles H. Hyatt, Robert J. NeSmith,* for appellee.