## 29127. SIMPSON v. SIMPSON.

INGRAM, Justice.

This is an appeal in a custody case from DeKalb Superior Court in which the trial judge found there had been "a material change of circumstances substantially and adversely affecting the welfare and best interests" of minor children subsequent to an earlier award of custody in a divorce decree between the parties. The mother was awarded custody in the divorce case but lost custody in the present case and seeks a review of the trial court's order granting custody to the father.

There are three issues to be decided in this appeal: The first is whether the trial court abused its discretion in awarding custody to the father under the evidence in this case. A secondary evidentiary issue is whether an inference unfavorable to the mother may be drawn from her refusal and the refusal of a third-party witness to answer questions concerning their alleged illicit conduct. She and the witness both declined to testify as to certain aspects of their conduct and relationship on the grounds that any answer might tend to incriminate them or result in infamy, disgrace or public contempt. The third issue for decision is whether the trial court erred in denying supersedeas and ordering the children to be placed in the custody of the father pending the appeal of the case to this court by the mother.

The father's case for a change in custody is largely dependent upon proof of illicit conduct by the mother and the third-party witness affecting the welfare of the children. Illicit conduct of the character sought to be proved by the father against the mother in this case can be proved by circumstantial evidence. *Johnson v. Johnson,* 218 Ga. 28 (1, 2) (126 SE2d 229) (1962). If an unfavorable inference can be drawn from the refusal of the mother and third-party witness to testify to the questions concerning their alleged illicit conduct, it does furnish sufficient corroboration of the other circumstances shown by the evidence tending to prove such conduct and the trial court must be affirmed.

The mother's counsel argues vigorously that: "Any implication or suspicions that there [was] illicit sexual intercourse between the [mother] and the witness . . . which might have arisen because of [the mother's] refusal to answer certain questions and because of the witness' . . . refusal to answer certain questions is not *legal* evidence, and the refusal of a party or witness to answer certain questions under the protection afforded him by law is not an admission or is it to be considered as an admission of such conduct."

The father, through his counsel, argues just as forcefully that the law authorized the trial court to infer, from the refusal of the mother and third-party witness to testify about the details of their relationship and

conduct, that they were guilty of the illicit conduct asked about in the unanswered questions.

No Georgia case has been cited to the court dealing with this precise question. However, there are cases dealing generally with this subject matter. In *Harrison v. Powers,* 76 Ga. 218 (1886), it was held that: ". . . a party is not bound to testify to such facts against himself; nor should he be subjected to injury for availing himself of the privilege of refusing to answer questions which might have a tendency either to criminate him or subject him to penalty." Id., Hn. 6. The *Harrison* case cites *Gravett v. State,* 74 Ga. 191 (1884), wherein this court, speaking through Justice Hall, said in regard to a witness in that case: "It is equally undeniable, however, that he is not required to testify to any matter which may criminate or tend to criminate him, or which shall have a tendency to bring infamy or disgrace, or public contempt upon himself or any member of his family. Code, § 3814, and citations of cases there; Id., § 3854, sub-sec. 3; sec. 1, par. vi, Bill of Rights, Code, § 4998. Our court has upheld this right with a steady hand, and has never suffered it to be impaired, or trenched upon, by evasion or in any other manner. In this respect, it has never allowed a witness to be entrapped or imposed upon." Id., p. 200. In addition, the *Harrison* case, supra, also relies upon an 1853 equity case decided by this court in *Higdon v. Heard,* 14 Ga. 255, concerning certain discovery sought by the plaintiff of the defendant in that case. It is said there, on p. 258, that: "A defendant cannot be obliged to discover what may subject him to a penalty or forfeiture, or criminal accusation. The doctrine is well settled in England and America, that no man is bound to accuse himself of any crime; or to furnish any evidence to convict himself of any crime. The maxim of the Common Law, is nemo tenetur seipsum prodere. The Courts of Chancery have adopted it; and it is now fully conceded in that jurisdiction that no person shall be obliged to discover what may even tend to subject him to a penalty or punishment; or to that which is in the nature of a penalty or punishment. The protection thus accorded to the citizen, is not limited to cases where the question or answer has a direct tendency to criminate him, or to

expose him to a penalty or forfeiture; but he is protected from answering any question which may form a link in the chain, by which such cases are to be established."

These cases were followed in *Loewenherz v. Merchants &c. Bank of Columbus,* 144 Ga. 556, 559 (87 SE 778, AC 1917E 877) (1915), and it is there repeated that "a party should not be subjected to injury for availing himself of the privilege of refusing to answer questions which might have a tendency either to criminate him or subject him to penalty." In addition, the opinion quotes from an Iowa case which cites Greenleaf upon Evidence, as follows: "If the witness declines answering, no inference of the truth of the fact is permitted to be drawn from that circumstance, and no answer forced from him by the presiding judge, after he has claimed protection, can be afterwards given in evidence against him . . . 1 Greenleaf on Ev., § 450." Id., p. 560. Professor Green, in his book, Georgia Law of Evidence, cites *Loewenherz* as authority for his statement that: "It seems that an inference as to the truth of the matter involved is not permitted to be drawn from the claim of privilege." Green, Georgia Law of Evidence, § 155, p. 390.

We think it is clear that no inference of guilt can be drawn from a privileged refusal to testify in a criminal case nor can the exercise of the privilege in a civil case be used in a subsequent criminal case against the party. However, these cited Georgia cases do not hold that it is impermissible to draw an unfavorable inference in a civil case from the privileged refusal to testify in that case. There is considerable authority that such an inference can be drawn in civil cases. E. g., see Molloy v. Molloy, 46 Wis. 2d 682 (176 NW2d 292) (1970); Morgan v. U. S. Fidelity & Guaranty Co., 222 S. 2d 820 (Miss. 1969); Harwell v. Harwell, 355 S. W. 2d 137 (Mo. App. 1962); 8 Wigmore, Evidence, § 2272, Par. 1 (e), (McNaughton Rev. 1961); 98 CJS 307, Witnesses, § 455, N. 37-42; Ralph Hegman Co. v. Transamerica Ins. Co., 293 Minn. 323 (198 NW2d 555) (1972); Allen v. Lindeman, 259 Iowa 1384 (148 NW2d 610) (1967).

The language used by the mother and the witness in their claim of privileged refusal to testify in this case

tracks the very language of the statutory privilege embodied in Code § 38-1205. However, the statute simply provides that no party shall be required to testify as to certain matters. It does not state that an unfavorable inference may not be drawn therefrom in a civil case.

We think the correct view was expressed by the Wisconsin Supreme Court when it held that although a person does have a right to invoke the privilege in a civil case in order to protect himself, when he does so, an inference against his interest may be drawn by the factfinder. "Since the inference is irresistible and logical in such circumstances, the court may as a matter of law draw the inference. Such an inference is based upon an implied admission that a truthful answer would tend to prove that the witness had committed the . . . act . . . The administration of justice and the search for truth demands that an inference may be drawn that witness' testimony would be unfavorable to him in a civil action in which the privilege is invoked to protect himself . . ." Molloy v. Molloy, supra, p. 687. See, also, Kaminsky, Preventing Unfair Use of the Privilege Against Self-Incrimination in Private Civil Litigation: A Critical Analysis. 39 Brooklyn L. Rev. 121 (1972). This is particularly true in a child custody contest heard by a trial judge with broad discretion when the inference corroborates other proof of alleged illicit conduct between the parties which affects the welfare and interests of minor children. We hold that the evidence, with all reasonable inferences and deductions therefrom, was sufficient to authorize, but not require, a change in custody in the present case and that the trial court's judgment was within the permissible limits of its discretion. See *Gaughf v. Gaughf,* 214 Ga. 483 (105 SE2d 314).

The final issue for decision in this appeal is whether the trial court erred in denying supersedeas and ordering the children to be placed in the custody of the father pending appeal by the mother of the trial court's award of custody to the father.

Code Ann. § 6-1002 (a) provides that the filing of a notice of appeal shall serve as a supersedeas. These provisions have been construed to mean that upon filing

a notice of appeal, supersedeas is automatic in all civil cases, except injunction cases. See *Howard v. Smith,* 226 Ga. 850, 852 (178 SE2d 159) (1970). Supersedeas determinations made by the trial courts are subject to review by the two appellate courts of this state for abuse of discretion upon the timely filing of a notice of appeal. While the trial court may not have been authorized to deny this automatic statutory supersedeas, this issue is moot in this case because the judgment of the trial court is being affirmed on the merits of the case.

*Judgment affirmed. All the Justices concur.*

ARGUED SEPTEMBER 13, 1974 — DECIDED OCTOBER 8, 1974.

*John C. Tyler,* for appellant.
*Harmon & Smith, Nolan B. Harmon,* for appellee.