THE STATE v. BAILEY.

1. **Criminal Law:** INSTRUCTION: ASSAULT. An instruction upon the trial of one charged with an assault with intent to commit robbery considered and held erroneous under the evidence.

2. ———: EVIDENCE: PRIVILEGE OF WITNESS. The refusal of a witness in a criminal trial to answer a question, upon the ground that he may thereby criminate himself, cannot be shown as a circumstance against him in a subsequent trial for the same offense.

*Appeal from Story District Court.*

FRIDAY, SEPTEMBER 24.

THE defendant was indicted for an assault with intent to rob one Giles Marlett, was tried, found guilty as charged, and sentenced to the penitentiary for three years. He appeals.

*Martin & Sillers,* and *Brown & Binford,* for appellant.

*J. F. McJunkin, Attorney General,* for the State.

DAY, J.—I. The evidence is altogether circumstantial. On the day that it is alleged the offense was committed, Marlett left the town of Colo, alone in a wagon, in an intoxicated condition. In some manner he received five wounds on the head, each one about two inches long, passing through the skin to the skull. The wounds were lacerated wounds, inflicted with a dull instrument, not sharp enough to make a clean cut, and not dull enough to make a contused wound. There was also a bruise on the shoulder, the skin not broken but merely red. Marlett at first stated that he was shot. After his wounds were dressed he became satisfied that he had been attacked in some other way. He had $31.85 in his pockets. No money was taken from him. It is extremely doubtful from the testimony whether any assault at all was made upon Marlett. A short

time before he claimed to have been injured a witness passed him upon the road, sitting so unsteadily in his seat that the witness thought he would fall out. The injuries are not of a character likely to be inflicted by a party bent upon robbery, and might have been made by his falling over in a drunken stupor upon the side of the wagon bed and the team's breaking into a trot. Marlett testifies that he was half asleep and two-thirds drunk, and did not observe much, and that the first thing he knew he got a thump on the head, and the team then started up on a good trot. This being the condition of the testimony, the court instructed the jury as follows:

"In this case the intent with which the assault was made must be ascertained by circumstances, as the condition and relation of the parties, when they first met on the day of the assault, what they did, where they went, how they acted both before and after the assault was made, the amount of money in the possession of Marlett, whether or not defendant knew of the money, and all the evidence in the case."

This instruction not only assumes that an assault was in fact committed, but it implies that the defendant committed it, and it is calculated to impress the jury with the fact that the only doubtful question in the case is the intent with which the assault was committed.

The instruction is erroneous, as applied to the evidence in the case, and it could not have been otherwise than prejudicial to the defendant.

II. One John Stevenson was indicted and tried for the same offense as that with which the defendant is charged. In that trial the defendant was a witness. The State was permitted to show, against the objection of the defendant, that upon that trial the defendant refused to state what he knew about Stevenson confessing the crime, upon the ground that he might criminate himself.

2. ———: evidence: privilege of witness.

We think it was clearly error to admit this testimony. A witness is privileged from answering when it reasonably appears that the answer will have a tendency to expose him

to a criminal charge.   It would indeed be strange if the law should confer upon a witness this right as a privilege, and at the same time should permit the fact of his availing himself of it to be shown as a circumstance against him.   It certainly is a privilege of very doubtful character if the effect of claiming it is as prejudicial to the witness as the effect of waiving it.   In Greenleaf on Evidence, section 450, it is said: " If the witness declines answering, no inference of the truth of the fact is permitted to be drawn from that circumstance; and no answer forced from him by the presiding judge, after he has claimed protection, can be afterwards given in evidence against him."

If an answer, involuntarily given, cannot be proven against a witness, it would seem to follow that the fact that he has claimed his privilege cannot be shown.   See 1 Greenleaf on Evidence, section 450, and authorities cited in note 5.

III.   The defendant in this case became a witness in his own behalf.   Upon cross-examination the district-attorney, against the objection of the defendant, was permitted to ask the following question:   " Why was it that you testified on the other trial that you did not desire to answer, as it might criminate yourself?"

This question was improperly allowed for the reasons already suggested.   It is further objectionable because not pertinent to anything elicited on the examination in chief.

REVERSED.