## LOEWENHERZ *v.* MERCHANTS AND MECHANICS BANK OF COLUMBUS.

1. In the motion for a new trial are numerous exceptions to the charges of the court, on the ground that there was no evidence to authorize the instructions criticized. An examination of the evidence contained in the record shows that in each case such exception is without merit. For, while as to some of the issues covered by the instructions complained of there may have been no direct evidence, there were facts in evidence from which the jury would have been authorized to draw deductions which would have supported the contentions of the defendant in error relatively to those issues.

2. The requests to charge, so far as they were legal and pertinent, were covered by the general charge.

3. The case being remanded for a new trial upon another ground, it is unnecessary to decide questions made by assignments of error upon rulings of the court refusing to declare a mistrial based upon certain incidents occurring during the trial, as those incidents will probably not occur at the next hearing.

4. The court erred in instructing the jury that if one who was insolvent conveyed to another property upon which he owed an unpaid balance of the purchase-price, upon the sole consideration of payment of the balance of the purchase-money by the transferee, such conveyance would be without a valid consideration and void as against other creditors; that the equity which the vendor had, if he had an equity, in the property, under the circumstances stated, was subject to his debts, and that he could only "convey it for a valuable consideration; otherwise, it belonged to his creditors, and he could not give it away to a person without receiving something for it which would inure either to the benefit of himself or his creditors." A conveyance by an insolvent under the circumstances to another party upon the consideration of the payment by the latter of the balance of the unpaid purchase-money would not

be without consideration and would not be a mere voluntary conveyance, and it was error to so instruct the jury; though they might properly have been informed that in passing upon the bona fides óf the transaction between the vendor and his transferee they could take into consideration the value of the equity in the land with which the vendor was vested and the amount of the unpaid purchase-money, and the insolvency of the grantor. Civil Code, § 4244; *Martin* v. *White*, 115 *Ga.* 866 (42 S. E. 279).

5. The court erred in admitting certain documentary evidence showing that the witness in a criminal case had declined to answer before the grand jury certain questions propounded to him, on the ground that his answer to those questions might tend to criminate himself. The admission of this evidence tended to destroy, or at least abridge, the privilege of the witness, guaranteed by the constitution of this State, of refusing to answer questions tending to criminate him, and to deprive him of the protection of that privilege which it was the purpose of the constitution to give.

JANUARY 15, 1916.

Claim. Before L. C. Slade, judge pro hac vice. Muscogee superior court. August 12, 1914.

A fi. fa. in favor of Merchants and Mechanics Bank against H. M. Mooty was levied upon certain real estate in the City of Columbus, as the property of the defendant in fi. fa.; and Leo Loewenherz interposed his claim to the property. When the case came on for trial the plaintiff tendered issue, and set up specifically certain grounds upon which it claimed the property was subject. They were in substance as follows: First, that while the defendant in fi. fa. had executed a deed of conveyance to the claimant, the former at the date of the conveyance was indebted to the plaintiff in the sum of $400, besides interest, which debt was the foundation of the judgment upon which the execution levied was based, and the deed from the defendant in fi. fa. to the claimant was without consideration and merely a voluntary deed. Second, that the deed was executed by the defendant in fi. fa. under coercion and to prevent the prosecution of him for embezzlement. Third, that the defendant in fi. fa. conveyed to the claimant all other lands of which he was seized and possessed, thereby rendering himself insolvent; and that the deeds of conveyance were made with intention to delay or defraud creditors, the claimant knowing of the intention with which they were executed. Fourth, that at the time of the execution of the deeds the defendant in fi. fa. reserved a benefit to himself. On the trial the jury returned a ver-

dict for the plaintiff. A motion for a new trial, made by the claimant, was overruled, and he excepted.

During the trial the court admitted in evidence, over objections duly made, certified copies of two documents, as follows:

"In re L. Loewenherz. Attachment for Contempt.

"It appearing to the court that the grand jury at this the May term, 1913, of Muscogee Superior Court, has pending before them the investigation of the case of the State vs. H. M. Mooty, charged with the offense of larceny after trust; and it further appearing that L. Loewenherz has been called before said body and duly sworn as a witness in behalf of the State in said case therein pending; and it further appearing that the following questions have been propounded to the said Loewenherz by the solicitor-general of this court; and it further appearing that said Loewenherz refuses and declines to answer said questions, to wit: Q. Has the said H. M. Mooty appropriated, without your knowledge and consent, to his own use, moneys belonging to you, which were entrusted to him by you, as your clerk and bookkeeper? If so, how much and what amount has the said Mooty appropriated to his own use?

"Therefore it is considered, ordered, and adjudged that a copy of this rule be served upon said L. Loewenherz instanter by the sheriff of this court; and that the said L. Loewenherz show cause before me at superior-court room, Muscogee county, on the 29th day of May, 1913, at 9 o'clock, why he should not be punished for his contempt of court. Given under my hand, this 28th day of May, 1913.

"S. P. Gilbert, Judge S. C., C. C."

"In re L. Loewenherz. Attachment for Contempt. In Muscogee Superior Court, May Term, 1913.

"Now comes L. Loewenherz, and, in response to the rule nisi to show cause before his honor S. P. Gilbert, Judge S. C., C. C., why respondent should not be punished for contempt of court, says:

"First: He should not be punished for contempt of court, for the reason that he, respondent, has not been and is not guilty of any contempt of court.

"Second: Respondent says that if he had answered the questions set forth in the rule nisi that he might have disclosed a fact which forms a necessary and essential link in the chain of testimony which would tend to criminate himself, respondent, and

which might be sufficient, taken in connection with other evidence, to convict him of a crime, and he can not answer said questions without accusing himself.

"Third: Respondent says to have answered said questions might have criminated and tended to criminate himself, and would have tended to have brought disgrace and public contempt upon himself; and under Sec. 4554 of the Civil Code of Georgia of 1910, and under Sec. 9 and Par. 3 of section 1037 of the Penal Code of Georgia of 1910, and under Art. 1, Sec. 1, Par. 6, of the Constitution of Georgia, and under Art. 5 of Article 8 of the Constitution of the United States of America, he had a right to decline to answer each and both of said questions; and for these reasons he did decline and refuse to answer said questions.

"Wherefore, having fully answered, respondent prays to be discharged.

"A. W. Cozart, Attorney for Respondent, L. Loewenherz."

*A. W. Cozart, G. Y. Tigner,* and *T. T. Miller,* for plaintiff in error. *Hatcher & Hatcher,* contra.

BECK, J. (After stating the foregoing facts.)

1-4. The rulings made in the first four headnotes require no elaboration.

5. We think the court erred in admitting the rule nisi in the contempt case and the answer thereto. No person shall be compelled to give testimony tending in any manner to criminate himself. Constitution of Georgia, art. 1, sec. 1, par. 6 (Civil Code, § 6362).

When the claimant in this case declined to answer the questions set forth above, he was merely claiming and availing himself of the privilege guaranteed in the clause of the constitution quoted; and this privilege is a real privilege. The admission of evidence showing that the witness had declined to answer the questions propounded to him by the solicitor-general before the grand jury, when they were considering the case of the State against Mooty, tended to deprive the witness of his privilege, or at least to abridge it and destroy its value; and a party should not be subjected to injury for availing himself of the privilege of refusing to answer questions which might have a tendency either to criminate him or subject him to penalty. *Harrison* v. *Powers, 76 Ga.* 219. It was said, in the opinion in the case just cited: "A party is not bound

to accuse himself either directly or indirectly. This principle is as old as Magna Charta and is embodied in all our constitutions, both State and Federal. Of what worth would the protection be if a party availing himself of it incurred detriment or loss by so doing? See authorities cited on brief of counsel for plaintiffs in error, as well as those cited by the defendant in error, and in addition *Higdon et al.* vs. *Heard,* 14 *Ga.* 255, 258; *Gravetl* vs. *State,* 74 *Id.* 191."

In the case of State *v.* Bailey, 54 Iowa, 414 (6 N. W. 589), the Supreme Court of Iowa said: "It would indeed be strange if the law should confer upon a witness this right as a privilege, and at the same time should permit the fact of his availing himself of it to be shown as a circumstance against him. It certainly is a privilege of very doubtful character if the effect of claiming it is as prejudicial to the witness as the effect of waiving it. In Greenleaf upon Evidence, § 450, it is said: 'If the witness declines answering, no inference of the truth of the fact is permitted to be drawn from that circumstance, and no answer forced from him by the presiding judge, after he has claimed protection, can be afterwards given in evidence against him.' If an answer, involuntarily given, can not be proven against a witness, it would seem to follow that the fact that he has claimed his privilege can not be shown. See 1 Greenleaf on Ev. § 450, and authorities cited in note 5."

*Judgment reversed. All the Justices concur, except Fish, C. J., absent.*

EVANS, P. J., and HILL, J., specially concurring in the judgment. A conveyance of land encumbered by a security deed operates only on the grantor's equity of redemption; and if such grantor be insolvent, his conveyance of the land (the value of which is in excess of the encumbrance) on condition that the purchaser will pay the encumbrance is without consideration and void as against creditors. Webb *v.* Atkinson, 124 N. C. 447; Randall *v.* Vroom, 30 N. J. Eq. 353; 1 Moore on Fraud. Con. 308. The charge of the court is in substantial accord with the foregoing proposition, which we believe states a correct principle of law; and we dissent from the ruling in the 4th headnote.