STELLA M. BABCOCK, Plaintiff, *v.* NORTHERN NEW YORK UTILITIES, INC., Defendant.

Supreme Court, Oneida County, April 25, 1929.

*Cobb, Cosgrove, Harter & Wright,* for the motion.

*Pratt & Fowler,* opposed.

DOWLING, WILLIAM F., J.   Plaintiff instituted the above action against the defendant to recover damages for personal injuries, claimed to have been occasioned by an electric shock received by her while passing under one of the defendant's transmission lines in Bouck street, Rome, N. Y., on October 9, 1928. She alleges that the defendant was negligent in failing to properly insulate and safeguard its wires for the transmission of electricity and in failing to properly safeguard this plaintiff and other pedestrians lawfully using said street at that time.   By its answer the defendant denies any negligence upon its part.

Pursuant to section 290 of the Civil Practice Act, plaintiff served a notice to take the testimony, by deposition, of Mr. Albert B. Morton, general manager of the defendant company at Rome, N.Y., on April 5, 1929, specifying the following matters upon which he was to be examined, viz.:

" (a)  The time and manner of construction of power lines operated by the defendant herein in Bouck Street, City of Rome, New York;

" (b)  The voltage of electric current passing through said power lines in said street at all the times mentioned in the complaint herein;

" (c)  The cause or causes and the nature of the transmission of electric current in said Bouck Street, Rome, New York, on the 9th day of October, 1928, on the occasion when the plaintiff herein received injuries while in the vicinity of the power line of the defendant, and concerning all circumstances contributing to such injuries;

" (d)  Concerning the frequency of short circuits and other difficulties experienced with said lines in said street during the year preceding October 9, 1928;

" (e)  Concerning the practice of the defendant company in transmitting electric current to the City of Rome at all the times mentioned in the complaint and prior thereto, and particularly respecting the amounts of voltage customarily transmitted, and the custom or practice generally in that regard;

" (f)  Concerning the details of construction, size of wire, insulation, types of insulation on poles and cross-arms, and any other information concerning the power lines of the defendant company, their construction and location in said Bouck Street, Rome, New York;

" (g)  Concerning the names of the persons examining said power line in Bouck Street, Rome, New York, immediately after the

accident, mentioned and described in the complaint; reports made by such person or persons to the defendant company;

"(h) With reference to the cutting of limbs or portions of trees adjacent to and above the power line above referred to prior to and after October 9, 1928."

The defendant, as permitted by section 291 of the Civil Practice Act, moves to limit the examination to the following matters only:

"1. The time and manner of construction of the power lines operated by defendant in Bouck Street, Rome, N. Y., which caused plaintiff's alleged injuries.

"2. The voltage of the electric current passing through said power lines at the time plaintiff's alleged injuries occurred.

"3. The manner in which defendant insulated and safe-guarded its said power lines in Bouck Street, Rome, N. Y., at the time plaintiff received her alleged injuries.

"4. The frequency of short circuits and other difficulties experienced by defendant with its said power lines in Bouck Street, Rome, N. Y., for the period of one year preceding October 9, 1928.

"5. Concerning the details of construction, size of wire, insulation, types of insulation on poles and cross-arms on defendant's said power lines in Bouck Street, Rome, N. Y., at the time plaintiff claims to have received the injuries alleged in the complaint.

"6. With reference to the cutting of limbs and portions of trees adjacent to and above said power line for the period of one year prior to October 9, 1928."

Defendant does not contest the right of plaintiff to examine the defendant as to some of the matters set forth in plaintiff's notice. It contends, however, that the examination asked for covers matters not pleaded; that, by it, plaintiff seeks to learn the names and evidence of the defendant's witnesses, the contents of reports of investigations made by it following the accident, and that the notice goes beyond the proper scope of such an examination.

The defendant maintains two systems of power lines on Bouck street, a high tension line, carrying 11,000 volts, and a low voltage line, used to supply light to the residents of said street. Plaintiff claims that she received her shock from the high tension line. The low voltage line is in no way connected with the high tension line. Hence plaintiff is not entitled to inquire into matters pertaining to that line. The plaintiff does not show the materiality of inquiring into matters pertaining to any of the defendant's lines in Rome other than the Bouck street line.

The notice goes beyond the very narrow issues presented by the pleadings, and the examination, therefore, should be limited to the following matters:

(1) The time and manner of construction of the defendant's high tension line in Bouck street, from which the plaintiff claims she received her injuries.

(2) The voltage of electric current passing through said high tension line at the time plaintiff was injured, and the voltage ordinarily carried on said line during the year prior to said alleged accident.

(3) The source of the current passing over said high tension line on the occasion of the alleged accident, and the source of the daily current carried by said line for the year preceding the alleged accident.

(4) The frequency of short circuits, and other difficulties experienced with said high tension line, in Bouck street at the time of the alleged accident and for one year previous thereto.

(5) The time and details of construction of said high tension line in Bouck street, its location, the size and kind of wire used at time of accident and for one year prior thereto, kind and condition of insulation on wire, and the kind and condition of insulation in use on the poles and cross-arms at the time of the alleged accident and the inspection of and repairs made to said line for the year immediately prior to the said alleged accident.

(6) The proximity of trees, including limbs, branches and leaves thereon, to said high tension line, at the instant of the alleged accident and for one year prior thereto and the cutting and removal of trees, limbs or branches thereof within one year immediately prior to the instant of the alleged accident.

The plaintiff's right to an examination of the defendant before trial is not unlimited. (*Sands* v. *Comerford*, 211 App. Div. 406.) Hence, the plaintiff is not entitled to the names of the persons examining defendant's said power line immediately after the accident, nor to the reports made by such individuals to the defendant (*McNamara* v. *New York State Railways* 129 Misc. 130), nor is the plaintiff entitled to examine the defendant as to the cutting of trees, limbs or branches of trees adjacent to and above the power line following the accident. (*Clapper* v. *Town of Waterford*, 131 N. Y. 382, 389, 390; *Causa* v. *Kenny*, 156 App. Div. 134, 137, 138; *Laut* v. *City of Albany*, 191 id. 753, 755, 756.)

The motion to limit, as above specified, is granted, with ten dollars costs to the defendant to abide event.

Ordered accordingly.