AGNES H. PERKINS, HERMAN PERKINS and MARGUERITE PERKINS SCHAEFFER, Respondents, v. R. H. MACY & Co., INC., Appellant.— In an action to recover damages for injuries suffered by two plaintiffs because of the crowded condition of an escalator and the exit therefrom, and for loss of services by the husband of one of the plaintiffs, the plaintiffs had verdicts. Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Hagarty, Davis, Johnston and Taylor, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LOUIS LUCKMAN, Appellant.— Judgment of the Extraordinary Special and Trial Term of the Supreme Court, county of Kings, convicting the defendant of the crime of perjury in the first degree, reversed on the law and the facts and a new trial granted. It is our unanimous opinion that it was error (1) to permit the prosecutor in cross-examining the witness Betty Kleinman to show that she had claimed her constitutional privilege against self-incrimination in testifying before the grand jury. This view is in accord with the weight of authority. (*Loewenherz* v. *Merchants and Mechanics Bank of Columbus*, 144 Ga. 556; 87 S. E. 778; *State* v. *Bailey*, 54 Iowa, 414; 6 N. W. 589; *Masterson* v. *St. Louis Transit Co.*, 204 Mo. 507; 103 S. W. 48; *Garrett* v. *St. Louis Transit Co.*, 219 Mo. 65; 118 S. W. 68.) The cases of *Raffel* v. *United States* (271 U. S. 494) and *Commonwealth* v. *Smith* (163 Mass. 411; 40 N. E. 189) are distinguishable. (2) To admit similar evidence of William W. Kleinman's prior claim of privilege. (3) To permit the defendant to be interrogated in connection with the documents from the Magistrates' Court respecting a charge lodged there against him by his wife and of which charge, so far as the record shows, he was not convicted. It was likewise error to ask the question founded on the charge in that court where there was no basis for it as a consequence of a conviction or the like. These errors were not cured by the court's comments at the time and his charge respecting this group of questions and answers. (4) To permit Bessie Levine to testify in rebuttal to an alleged conversation with Betty Kleinman for the purpose of showing bias on the part of the latter, it not being shown that Betty Kleinman's acts, if any, were with the knowledge or con-sent of the defendant. (*People* v. *Buzzi*, 238 N. Y. 390.) In view of the quality of some of the proof and the fact that there had been disagreements on two prior trials and that another individual charged with the same offense has been acquitted, a majority have concluded that these errors were substantial and prejudicial, particularly items above numbered 1, 3 and 4, and that the interests of justice require a new trial, to the end that the defendant may either be convicted or acquitted on a trial free from errors of this character. Lazansky, P. J., Hagarty, Carswell and Adel, JJ., concur; Close, J., dissents and votes to affirm on the ground that the errors, considered separately or together, were not prejudicial or were rendered innocuous. Order of the Special Term entered April 5, 1937, in so far as said order denies defendant's motion to dismiss the second count of the indictment, affirmed. Appeal from order denying in part defendant's motion for a bill of particulars and from three intermediate orders dismissed. Lazansky, P. J., Hagarty, Carswell, Adel and Close, JJ., concur.