174 So.2d 85 (1965)
Herman B. HENNINGSEN, Appellant,
v.
James W. SMITH, Appellee.
No. 4165.
District Court of Appeal of Florida. Second District.
April 21, 1965.
John W. Boult, of Shackleford, Farrior, Stallings, Glos & Evans, Tampa, for appellant.
Alex Finch, of Finch & Mosley, Clearwater, for appellee.
FARRINGTON, OTIS, Associate Judge.
Appellant, defendant in the trial court, appeals an adverse final judgment based on a jury verdict in an action for personal injuries resulting from an intersection collision between automobiles being operated by the plaintiff and defendant.
*86 Appellant seeks review of three points: (1) Whether the trial court erred in receiving over defendant's objection the testimony of a witness for plaintiff whose name was not included on a witness list filed by plaintiff at the pretrial conference; (2) Whether the trial court's instruction on future loss of earnings and future earning capacity was a correct statement of the law; (3) Whether the trial court's instruction on defendant's liability for aggravation of a pre-existing ailment was a correct statement of the law.
As to the first point the record discloses that at the pretrial conference held February 20, 1963, attorneys for plaintiff filed with the trial judge a list of witnesses on which the name of Dr. John Lee did not appear.[1] Thereafter Dr. John Hagood, who was plaintiff's main treating physician referred plaintiff to Dr. Lee for examination. Dr. Lee examined plaintiff on March 3, 1963. Plaintiff called Dr. Lee as a witness at the trial on March 15, 1963, and defendant objected on the ground that Dr. Lee's name did not appear on the witness list filed by plaintiff's attorney at the pretrial conference.
Following defendant's objection there was a colloquy at the bench between the trial judge and the attorneys. Attorney for plaintiff stated to the judge that at the taking of a deposition in the case on February 26, 1963, attorney for plaintiff advised an associate of defendant's trial counsel that Dr. Lee was going to examine plaintiff, and that the deposition would so reflect. The deposition is not a part of the appeal record. Although plaintiff's attorney would have little basis for complaint if the trial judge under the authority of the holding in Rose v. Yuille, Fla.S.Ct. 1956, 88 So.2d 318, had rejected Dr. Lee's testimony we are of the opinion that the record before us fails to demonstrate that it was an abuse of the broad discretionary power of the court for proper conduct of litigation to receive Dr. Lee's testimony.
Points two and three raised by appellant involve objections to charges given by the trial judge. At the conclusion of the jury charge and before the jury commenced deliberation, the court invited the attorneys to dictate into the record any objections to the charges, as given. The objections then stated by attorney for appellant relating to the points two and three raised in this appeal are quoted from the record as follows:
"Comes now the Defendant and objects to the Court's Charge of the Jury on the loss of earnings, because there is no evidence to support that Charge in the record. * * *
* * * * * *
"The Defendant objects to the Court's Charge on aggravation of a pre-existing injury, since the evidence does not support that Charge."
The evidence at the trial raised issues justifying instructions on loss of earnings, loss of earning capacity and aggravation of a pre-existing physical condition. The contentions argued in appellant's brief that the instructions given on these issues incorrectly stated the law were never asserted in trial court.
Rule 2.6(b) F.R.C.P., 31 F.S.A., requires proper objection to a charge given by the court where opportunity for such objection is afforded as a prerequisite to assigning the giving of such charge as error on appeal. An objection which fails to state distinctly the portion or omission or failure to instruct to which objection is made and the specific ground of such objection is not sufficient compliance with the rule. 53 Am. Jur., Trial, §§ 830, 833, pp. 609, 611.
*87 In the absence of sufficient objection made during the trial to particular instructions to the jury, the findings of the jury which have been reviewed by the trial judge on motion for new trial will not be disturbed on appeal when there is substantial evidence to support the verdict unless error of the trial judge in the instructions to the jury appears to have resulted in a miscarriage of justice. The record on appeal fails to establish such fact. Rivers Body Orlando, Inc. v. Hartford Accident and Indemnity Co., Fla.App. 1964, 167 So.2d 760.
Affirmed.
WHITE, Acting C.J., and KANNER, (RET.), J., concur.
NOTES
[1] Although the pretrial order was signed February 28, 1963, reciting that plaintiff's list of witnesses was filed "this date," plaintiff's original witness list included in the appeal record bears the initialed notation of the trial judge "filed 2/20/63," which was the date of the pretrial conference.