206 So.2d 250 (1967)
Lydia Adeline VOLK, Appellant,
v.
Elizabeth J. GOETZ and Walter C. Goetz, Her Husband, Individuals, Appellees.
No. 834.
District Court of Appeal of Florida. Fourth District.
December 18, 1967.
Rehearing Denied February 15, 1968.
Frank N. Kaney, Ernest H. Eubanks and Charles W. Abbott, of Maguire, Voorhis & Wells, Orlando, for appellant.
Charles S. Carrere, of Gurney, Gurney & Handley, Orlando, for appellees.
CROSS, Judge.
Appellant-defendant, Lydia Adeline Volk, appeals an order granting a new trial to the appellees-plaintiffs, Elizabeth J. Goetz and Walter C. Goetz, in an action to recover damages for injuries allegedly incurred as a result of the negligence of the defendant in the operation of her automobile.
During the course of the trial counsel for the defendant on cross-examination of a medical witness for the plaintiff received in part an unsolicited answer relating to the issuance of a traffic ticket to the defendant on the date of the accident.
There was no request by counsel for the defendant to strike that portion of the answer relating to the traffic ticket, nor did he request of the judge an instruction to the jury directing the jury to completely disregard the statement pertaining to the traffic ticket.
Thereafter, defendant's counsel put his client on the stand and asked her whether or not she had received a traffic ticket as a result of the accident. Plaintiffs' counsel timely objected to this question. However, the trial court overruled his objection.
Subsequently, the jury brought in a verdict for the defendant. Plaintiff thereafter moved for a new trial. Said motion was granted on the basis that it was prejudicial error for the court to allow the above testimony pertaining to the traffic ticket over timely objection by the plaintiff.
The law is well settled that such testimony as alluded to above will constitute prejudicial error and warrant a new trial. Riedel v. Driscoll, Fla.App. 1960, 124 So.2d 42; Eggers v. Phillips Hardware Company, Fla. 1956, 88 So.2d 507.
*251 Finally, it should be noted that, when a motion for a new trial is made, it is directed to the sound, broad discretion of the trial judge who, because of his contact with the trial and his observation of the behavior of those upon whose testimony the finding of fact must be based, is better positioned than any one person fully to comprehend the processes by which the ultimate decision of the triers of fact, the jurors, is reached. Inasmuch as such motions are granted in the exercise of sound, broad discretion, the rulings of the trial judge should not be disturbed in the absence of a clear showing that it has been abused. Cloud v. Fallis, Fla. 1959, 110 So.2d 669.
Affirmed.
REED, J., and HEWITT, ROBERT S., Associate Judge, concur.