█    JAY BUTTERMAN, an Infant, by LOUIS BUTTERMAN, His Father, et al., Respondent, v. R. H. MACY & COMPANY, INC., Appellant.— Order entered June 27, 1969, modified on the law and in the exercise of discretion, to limit discovery and inspection of appellant's general log book for escalator 26 to a period of six years prior to the accident of May 2, 1963, and otherwise affirmed, without costs or disbursements. The disclosure provisions of the CPLR should be interpreted liberally. (See Allen v. Crowell Collier Pub. Co., 21 N Y 2d 403.) We feel that under the particular facts in this escalator case, a six-year period is a reasonable time limitation in terms of relevancy and materiality of the information sought to be discovered. Plaintiffs' right to examination is not unlimited. (See Ippa v. City of New York, 271 App. Div. 981 [3-year limitation]; Kendler v. New York City Tr. Auth., 14 A D 2d 550 [one-year limitation]; Boyle v. Judy Cab Corp., 12 A D 2d 797 [one-year limitation]; Fisher v. City of New York, 282 App. Div. 716 [six months' limitation]; Babcock v. Northern New York Utilities, 134 Misc. 71 [one-year limitation].) We have found no case and, none has been called to our attention by counsel, where an unlimited examination has been allowed. Certainly none of the cases cited in the dissent herein so hold. Concur — Eager, J. P., Markewich and Nunez, JJ.; Capozzoli and McGivern, JJ., dissent in the following memorandum by McGivern, J.: I find it both material and necessary for a proper presentation of this infant's case that his attorney be permitted discovery and inspection of the general log book pertaining to Escalator No. 26. This was the site in defendant's store where certain fingers of the infant's left hand were amputated as a result of being caught between the escalator step and the bottom comb plate of Escalator No. 26. " ' " [i]f there is any possibility that the information is sought in good faith for possible use as evidence-in-chief or in rebuttal or for cross-examination, it should be considered ' evidence material ＊ ＊ ＊ in the prosecution or defense' " ' " (Allen v. Crowell-Collier Pub. Co., 21 N Y 2d 403, 407.) That is the test, presuming the physical structure and apparatus of the machine has remained unchanged since its installation. If the escalator has not been altered, a full disclosure is in order since notice and knowledge of a dangerous condition are a vital ingredient of the plaintiff's case. The only restriction might be harassment or lack of availability of the records. That is not present here. The log book kept in the regular course of defendant's business and specifically setting forth the history of the maintenance and incidents pertaining to Escalator No. 26 is concededly at hand. The plaintiff has an unfettered right to see it. A deprivation of that right is prejudicial to the infant, an abuse of discretion, and contrary to the liberal interpretation accorded by our courts to the CPLR, particularly in the area of pretrial disclosures. A limitation of six years is only less arbitrary than two, but it is still an irrational cut-off if the condition of the escalator remained static. I know of no precedent relating to escalator cases wherein such a restriction has been imposed. (Jokelson v. Allied Stores

*Corp.*, 31 A. D 2d 200; *Abravanel* v. *Ohrbach's, Inc.*, 294 N. Y. 674; *Lee* v. *Pennsylvania R. R. Co.*, 192 F. 2d 226; *Perkins* v. *Macy & Co.*, 254 App. Div. 694; *Newberg* v. *Macy & Co.*, 228 App. Div. 804.) The action of the majority, in my view, is without precedent, without justification, and against the trend which requires liberal disclosure limited only by the test "of usefulness and reason". (*Allen* v. *Crowell-Collier Pub. Co., supra.*) Special Term was correct.