259 So.2d 731 (1972)
William WALTON, Appellant,
v.
ROBERT E. HAAS CONSTRUCTION CORPORATION, a Florida Corporation, Appellee.
Bernard R. OLDHAM, Appellant,
v.
ROBERT E. HAAS CONSTRUCTION CORPORATION, a Florida Corporation, Appellee.
Bobby Walter KNOUSE, Appellant,
v.
ROBERT E. HAAS CONSTRUCTION CORPORATION, a Florida Corporation, Appellee.
Nos. 70-586, 70-588, 70-589.
District Court of Appeal of Florida, Third District.
March 21, 1972.
Rehearing Denied April 18, 1972.
*732 Horton, Schwartz & Perse, Henry & Stroemer, Miami, for appellants.
Adams, George & Wood, and David L. Willing, Miami, for appellee.
Before BARKDULL, C.J., and PEARSON and CHARLES CARROLL, JJ.
PEARSON, Judge.
These three appeals have been consolidated for all appellate purposes. The appellants were plaintiffs in jointly tried personal injury claims against the appellee. The defendant-appellee received a jury verdict and separate judgments were entered. These appeals followed.
The complaints alleged generally that the appellants were the driver and passengers in an automobile which struck a light pole west of the intersection of N.W. 22nd Avenue and 28th Street in Miami, Florida. The specific negligence alleged was the failure of the defendant Haas to properly place warning devices around the portion of the street which was under construction and which was dangerous because of the projection of a manhole above street level. The plaintiffs claim that the automobile in which they were riding drove onto the unsafe portion of the street and struck an obstruction causing the driver Knouse to lose control of the car.
The record reveals the following factual situation. Shortly after midnight on the morning of December 4, 1965, an automobile owned and driven by Bobby Walter Knouse, in which William Walton, Bernard R. Oldham, and John Barlow were passengers, was headed west on Northwest 28th Street in Miami. At the time, Northwest 22nd Avenue, from Flagler to 38th Street was being repaved and resurfaced by the Robert *733 E. Haas Construction Corporation. When the Knouse car came to the 22nd Avenue intersection with 28th Street, it struck a manhole which was raised eight to ten inches above the level of 22nd Avenue in the westbound, righthand lane of 28th Street. Knouse lost control of the vehicle and it struck a light pole some distance west of the intersection. Knouse, Walton and Oldham were all seriously injured, and a third passenger named Barlow was killed in the accident. Barlow's wife brought a separate wrongful death action against the Haas Corporation which is not directly involved on this appeal.
We are concerned with Barlow's action because depositions taken in that action were used in the trial below. The parties stipulated that the depositions taken in all of the cases being tried and in the case of Barlow v. Haas could be used in all of the cases.[1]
Appellants have presented four points all of which are supported by assignments of error. We find it necessary to discuss each of the points. The first point urges that the trial court erred in failing to sustain an objection to questions on cross-examination whereby the plaintiff driver Knouse was "impeached" by a showing that he had invoked the privilege against self-incrimination at the taking of a deposition in the case brought by the personal representative of the deceased Barlow.
The court allowed the testimony over objection during the cross-examination of the plaintiff driver Knouse. Counsel for the defendant Haas was permitted to bring out from the responses of Knouse that during the taking of his deposition in the Barlow case Knouse had, on the advice of his attorney, declined to answer questions concerning the accident, based on his privilege against self-incrimination. This "impeachment" was permitted even though Knouse had answered all questions in a deposition given in his own case.
We hold that the trial judge's ruling on Knouse's invocation of his constitutional privilege against self-incrimination as *734 a witness in a deposition in a different case was wrong. The constitutional privilege against self-incrimination extends to prevent the showing in a civil case of the prior exercise of the privilege in a criminal action. The admission of the prior exercise of the self-incrimination privilege would tend to destroy or chill the exercise of such a right. Allred v. Graves, 261 N.C. 31, 134 S.E.2d 186 (1964); Loewenherz v. Merchants' & Mechanics' Bank, 144 Ga. 556, 87 S.E. 778 (1916); Hall Motor Freight v. Montgomery, 357 Mo. 1188, 212 S.W.2d 748 (1948); Masterson v. St. Louis Transit Co., 204 Mo. 507, 103 S.W. 48 (1907); 58 Am. Jur. Witnesses § 56 (1956); 2 A.L.R.2d 1297 (1948).
This rule is directly applicable here. Knouse was only a witness, and not a party in the prior action. He did not claim the privilege in his own case, a claim which might well have led the defendant properly to seek a dismissal. Minor v. Minor, Fla. 1970, 240 So.2d 301; Stockham v. Stockham, Fla. 1964, 168 So.2d 320. The testimony as to Knouse's action in the prior case was not relevant to any issue being tried in the present litigation. It cannot be regarded as impeachment because the fact that one claims a constitutional right may not be said to show a disregard for the truth.
The prejudicial effect of the improper cross-examination was heightened by defense counsel's statement before the jury that the privilege was no longer being asserted because the statute of limitations had run on a manslaughter charge. It can readily be seen that having been presented with statements that the driver of the automobile had refused to testify because of the suggested existence of a manslaughter charge was so devastating to a contention that the plaintiffs were injured because of defendant's negligence that a mistrial was the only solution. The court denied appellants' motion for mistrial when it was renewed after the manslaughter references. Appellee suggests that the cross-examination was properly allowed because of the stipulation referred to in footnote 1 which provided that the depositions in the various cases could be used in the present actions. We cannot agree with this position because an agreement that a deposition may be used implies that it is to be properly used otherwise a party who stipulated to the use of a deposition would be stipulating to the admission of all opinion, hearsay and obviously irrelevant remarks contained in the deposition. See 10 Fla.Jur. Depositions § 44 (1956). We conclude that the ruling in denying the objection to the cross-examination was error and that the error cannot be said to have been harmless.
Even though the conclusion reached upon appellants' first point appears to be sufficient for the awarding of a new trial to appellants, we will briefly discuss the other points in order to aid in a prompt disposition of the cause upon retrial. Appellants' second point urges that the trial court erred in failing to grant plaintiff's motion for a mistrial after the jury was informed by an attorney for one of the defendants (not a party in this appeal) that the investigating police officer had charged the plaintiff driver Knouse with a traffic offense arising out of the accident in question. On cross-examination of the police officer, an attorney for one of the defendants stated, "After you finished your investigation ... you charged Bobby Knouse for traveling at excessive speed." An objection was made and plaintiffs moved for a mistrial. The court sustained the objection and upon motion warned the jury to disregard the suggestion but denied the mistrial. We think that the denial of the mistrial was error in view of the fact that the introduction of the highly prejudicial remark appears from the record to have been deliberate and once having been made there was no possibility of erasing its effects from the mind of the jury. Cf. Eggers v. Phillips Hardware Co., Fla. 1956, 88 So.2d 507; Riedel v. Driscoll, Fla.App. 1960, 124 So.2d 42.
The third point presented urges that the trial court erroneously excluded evidence of the absence of barricades subsequent *735 to the end of defendant's work day at the job site. The court reasoned that since the negligence alleged was the failure to place barricades and that since barricades might be removed by a third party that therefore the only critical time was the period immediately after the close of the working day. While this is true it is also true that the testimony as to the absence of the barricades at other times subsequent to the end of the working day has some probative value. The issue was whether or not barricades were placed at 5:00 p.m. Their absence an hour or two hours later or even at the time of the accident has a relevancy to the issue of fact as to whether they were placed at all. In the present instance, there is a conflict in the testimony as to whether the barricades were placed. This conflict makes even more important evidence which would tend to show that the barricades were never placed at all because of their absence sometime later. See II Wigmore on Evidence § 437 (3rd ed. 1940); cf. Renninger v. Foremost Dairies, Inc., Fla.App. 1965, 171 So.2d 602. We therefore conclude that the objection to the evidence should have been denied.
The fourth point presented urges error upon an instruction as to the applicability of contributory negligence to the suits of the two passengers in the car. This point must be redetermined upon re-trial because the basic rule is that the negligence of the driver is not, in general, imputable to the passengers. However, there are exceptions to this general rule. Bessett v. Hackett, Fla. 1953, 66 So.2d 694; Conner v. Southland Corp., Fla.App. 1970, 240 So.2d 822; Georgia Southern & Fla. Railway Co. v. Shiver, Fla.App. 1965, 172 So.2d 639. We conclude from an examination of this record that the instruction as to contributory negligence which was given could reasonably have been interpreted by the jury to charge the passengers with any contributory negligence of the driver of the car. Therefore it should not have been given in the form in which it was given. Nevertheless, we do not find reversible error on this point inasmuch as the plaintiffs had a clear opportunity to object and did not do so. Henningsen v. Smith, Fla.App. 1965, 174 So.2d 85; RCP 1.470(b), 30 F.S.A.
Having examined the record in the light of the arguments submitted and having reached the conclusion that reversible error is demonstrated we therefore reverse the judgments appealed and remand the causes for a new trial.
Reversed and remanded.
BARKDULL, Chief Judge (dissenting).
I respectfully dissent.
As to the first point, I would find no merit under the reasoning of this court found in Goswick v. State, Fla.App. 1962, 137 So.2d 863 at page 866; quashed on other grounds in Goswick v. State, Fla. 1962, 143 So.2d 817. The questions in the cited case were addressed to a witness and he invoked the privilege. In the instant case the questions were also addressed to a witness [who is now a party], but they related to the same incident as involved in the case sub judice.
As to the second point, I believe the record reflects there were appropriate instructions.
As to the third point, there was evidence that the barricades had been placed when the work ceased, which the jury had a right to believe in rendering their verdict.
As to the fourth and last point, first I would hold that no valid objection was made to the requested instruction. Further, I find that the instruction was appropriate under the evidence, which the jury had a right to believe, as to the activities of all the parties prior to the accident.
Therefore, for the reasons stated, I would affirm the jury verdict and final judgment thereon.
NOTES
[1] The record does not contain an order entered at pre-trial conference, however, the stipulation referred to was recognized at the trial. The record at page 434 and 435 contains the following:

"Mr. Henry: Your Honor, at pretrial conference we stipulated to using the depositions from these various cases as well as Barlow versus Haas, and we agreed that if the witnesses were unavailable we could use these depositions.
"In that regard, I have a witness subpoena returned unserved as to Manuel Fernandez and an affidavit that indicates that he is currently residing in New York City, New York.
"We would, accordingly, like to read into evidence his deposition at this time.
"Mr. Miller: I would object to that. I would like to see the affidavit about which you are talking.
"Mr. Henry: Yes. I believe there is one in the court file but here is a copy notarized [indicating].
"Mr. Miller: Your Honor, I am going to object to the use of this deposition. We did stipulate that the depositions from the old case could be used in this case, but, of course, that included all the rules that go with it.
* * * * *
"The Court: I am satisfied. Read the deposition.
* * * * *
"Mr. Dean: I think, in fairness, it ought to be shown, Your Honor, that this was a discovery deposition and that is why there is so much that might be objectionable at the time of trial.
"The Court: Ladies and gentlemen, let me explain this to you. A deposition is the taking of someone's testimony outside of the courtroom. In other words, you do not see this man. His deposition is taken in someone's office or somewhere outside of this area.
"What is going to take place now is that the Clerk will be Mr. Manuel Fernandez. We are play acting. He is Manuel Fernandez as though he were here in person, Mr. Fernandez.
"Mr. Henry will read the questions that were asked of him on the deposition and Mr. Fernandez will answer as though he were here in person.
"The objection was raised that some of the questions and answers are not admissible in evidence because of rulings I have already made. So, at times, we will stop and say this question and answer will not be read because it is not admissible."