305 So.2d 228 (1974)
ROYAL INDEMNITY CO. et al., Appellants,
v.
Phillip J. MUSCATO et Ux., et al., Appellees.
No. 73-534.
District Court of Appeal of Florida, Fourth District.
December 13, 1974.
Rehearing Denied January 16, 1975.
Walton B. Hallowes, Jr., of Maguire, Voorhis & Wells, Orlando, for appellant-Royal Indemnity.
James F. Page, Jr., of Best & Sears, Orlando, for appellant-Lions Club.
John W. Bussey, III, of Sands, Smalbein, Eubank, Johnson, Rosier & Bussey, Orlando, for appellant-Truby Dennison.
Calvin J. Faucett, Orlando, for appellees-Muscato.
James O. Driscoll of Driscoll & Conrad, Orlando, for appellee-State Farm.
CROSS, Judge.
Appellants-defendants, Royal Indemnity Company, Lockhart Lions Club, and Truby Dennison, appeal a final judgment entered in favor of the appellees-plaintiffs, Phillip Muscato and Mary Ann Muscato his wife, in a cause of action seeking damages for the negligent operation of a parade float. We reverse.
*229 On February 6, 1971, the plaintiff, Phillip Muscato, was a passenger on a parade float owned by the Lockhart Lions Club and driven by Truby Dennison. While on the way to a parade site, a vehicle in front of the float applied its brakes. The float struck the braking vehicle. As a result of the collision, the plaintiff suffered serious leg injuries.
Suit was subsequently instituted by the plaintiffs against Truby Dennison, State Farm Insurance Company (Dennison's insurer), the Lockhart Lions Club, and Royal Indemnity Company (Lions Club's insurer). The case proceeded to trial on the merits. The jury returned a verdict in favor of the plaintiffs and assessed damages at $52,000 for Phillip Muscato and $500 for Mary Ann Muscato. Final judgment was entered pursuant to the jury verdict against Truby Dennison, the Lockhart Lions Club, and Royal Indemnity Company. It is from this final judgment that these defendants appeal.
Appellants contend that the trial court erred in refusing to grant a mistrial when the plaintiffs' attorney repeatedly inquired into whether the driver of the float, Truby Dennison, had received a traffic citation after the accident in question.
During the course of the trial plaintiffs' attorney asked Vivian Abel, a passenger on the float, whether Dennison was charged with any traffic violation. The defendants' counsel moved for a mistrial. The trial court denied the motion and instructed the jury to strike from consideration the statement of the plaintiffs' attorney pertaining to a traffic violation.
Thereafter, plaintiffs' attorney asked the driver of the float, Truby Dennison, whether he had received a traffic citation as a result of the accident. Counsel for the defendants immediately objected to the question. The trial court sustained the objection and instructed the jury to disregard the reference to a traffic citation. Again the attorney for the plaintiff asked Dennison whether he had received a traffic citation. The court admonished the plaintiffs' counsel for pursuing this improper line of questioning but denied a motion for a mistrial made by the defendant.
The law is well settled that such questions alluded to above will constitute prejudicial error and warrant granting of a mistrial. The trial court's instructions to the jury to disregard the allusions to a traffic citation could not possibly erase the effect of the prejudicial questions from the mind of the jury in their consideration of liability. Eggers v. Phillips Hardware, 88 So.2d 507 (Fla. 1956); Riedel v. Driscoll, 124 So.2d 42 (Fla.App. 1960); Volk v. Goetz, 206 So.2d 250 (Fla.App. 1967); Walton v. Robert E. Haas Construction Corp., 259 So.2d 731 (Fla.App. 1972).
While we conclude that the improper line of questioning by the plaintiffs' attorney requires that the defendants be granted a new trial, we feel that such trial should be limited to the question of liability. It is apparent from the record that Mr. Muscato sustained serious and permanent injuries as a result of the accident. A substantial amount of expert medical and lay testimony relating to the nature and extent of the injuries was adduced at trial, all of which justifies the amount of damages awarded by the jury verdict. The improprieties of the plaintiffs' counsel had no material effect on the amount of damages awarded by the jury. We believe a new trial limited to the issue of liability is proper and would not cause confusion, inconvenience, or prejudice to the rights of any party. See Larrabee v. Capeletti Bros., Inc., 158 So.2d 540 (Fla.App. 1963); Eggers v. Narron, 254 So.2d 382 (Fla. App. 1971), cert. dismissed, 263 So.2d 213 (Fla. 1972).
We have considered all remaining points raised on appeal by the several parties and determine them to be without merit.
Accordingly, the final judgment is reversed and the cause remanded for a new trial limited solely to the issue of liability *230 of the respective defendants for plaintiffs' damages, the extent of which damages has been determined.
Reversed and remanded.
DOWNEY, J., and SCHWARTZ, ALAN R., Associate Judge, concur.