466 So.2d 1240 (1985)
RYDER TRUCK RENTAL, INC. and Albertsons, Inc., Appellants,
v.
Garry JOHNSON and Lisa Johnson, His Wife, Appellees.
No. AZ-431.
District Court of Appeal of Florida, First District.
April 11, 1985.
*1241 William M. Howell of Howell, Liles, Braddock & Milton, Jacksonville, for appellants.
Robert P. Eshelman, II, and John F. MacLennan of Kattman, Eshelman & MacLennan, Jacksonville, for appellees.
BOOTH, Judge.
This cause is before us on appeal from a final judgment in a personal injury action entered upon a jury verdict, finding negligence on the part of appellants' driver, finding no negligence on the part of plaintiff/appellee, Garry Johnson, and assessing the damages of Garry Johnson at $350,000 and of his wife at $25,000. We must reverse for a new trial.
The accident giving rise to this suit occurred at 4:00 a.m. on April 14, 1982, when appellee, Garry Johnson, while employed by Progressive Driving Services, Inc., (Progressive), was driving a tractor-trailer unit south on Interstate 95. Johnson and another trucker stopped their trucks on the right-hand side of the highway to check the tires of the two rigs. After determining that there were no blown tires, the other trucker left, appellee pulled his truck out into the right-hand lane, and it was struck from the rear by another truck coming over the top of the hill. The two rigs were hooked together from the force of the impact. The other truck involved in the accident was owned by Ryder Truck Rental, Inc. and was driven by an employee of appellant, Albertsons, Inc.
The first issue presented is whether the trial court erred in denying appellants' motion for mistrial based upon appellee's negative response to his attorney's question as to whether he had been cited for a traffic violation in the subject accident.[1] The appellants' motion for mistrial should have been granted because the question and answer were highly improper and prejudicial, and the harm resulting therefrom was not cured by the trial court's instructions to the jury.[2] Considering the context, the question and response allowed the jury to infer that appellee was free of fault in the accident.
We have not overlooked appellees' contention that appellants' placing into evidence appellee's driving record, showing offenses with which he was charged during the period November, 1979, through April of 1981, opened up the question of whether he was charged with the instant accident. The last entry on the driving record submitted showed the date of the instant accident, the word "accident," the county, and stated that it was "investigated by police." This computer entry contains no description of the events, no statement of charge or disposition, and is not probative of any matter at issue with reference to the instant accident. The driving record as a *1242 whole, however, was material to establish appellants' defense to damages sought by appellee based on his alleged loss of wage-earning capacity due to injuries received in the accident. Its admission into evidence did not open the door to the improper questioning of appellee by his counsel.
The second point on appeal concerns introduction by appellees of the testimony of Claudia Dian Pitts, who worked for a rehabilitation company, in rebuttal of Dr. David Bennett's testimony. Dr. Bennett, a medical doctor who performed the Department of Transportation physical examination on appellee, was called as a witness by appellants and testified that appellee was physically qualified to drive a truck. The witness Pitts, on being called in rebuttal of Dr. Bennett's testimony, was allowed to testify, over the appellants' objections, that, in the four years she had been involved in rehabilitation work, she had seen about 200 back cases and, out of those 200 cases, 40 were truck drivers. Of these 40 truck drivers, two returned to work as truck drivers, and, of those two, one was doing fine and the other had periodic problems and had not returned to the doctor. This testimony was erroneously admitted since it was not properly in rebuttal of Dr. Bennett's testimony.
The trial court's refusal to give the appellants' requested jury instructions based on Florida traffic statutes, Sections 316.081(2) and 316.085(2), Florida Statutes, was also error. A party is entitled to have the jury instructed on his theory of the case when the evidence, viewed in a light favorable thereto, substantially supports the theory, even though that theory is controverted by the opposing party. Menard v. O'Malley, 327 So.2d 905 (Fla. 3d DCA 1976). The trial court must have found the statutes relevant because it allowed the appellants' attorney to read the statutes to the jury. However, the court, in reading Standard Jury Instruction 4.11 to the jury, did not "read or paraphrase the applicable statute," as provided by the directions to that Standard Jury Instruction, nor were the statutes ever cited or referred to in the court's charge to the jury.
Finally, it was error to exclude the July 15, 1982, letter from Johnson's employer terminating him from employment due to his bad driving record. During appellants' cross-examination of appellee, the following exchange of questions and answers took place:
Q. Did you go back to PDS [Progressive], by going back?
A. No. Don May, they told me not to come back because they wouldn't hire nobody that is handicapped with back problems.
Q. So did you quit your job with PDS?
A. No. They fired me.
Q. When was that?
A. When they found out I was going to have back surgery and I couldn't go back to work.
Q. What date was that?
A. I'm not sure.
Q. Well, when they did that, did they send you a letter?
A. Yes, sir.
At that point, appellees' counsel objected, contending that there was a pretrial ruling excluding from evidence any reference to appellee's termination from his former employer, Progressive. The court then adopted its earlier tentative ruling on appellees' motion in limine hearing[3] as its definite ruling, and excluded all evidence of appellee's termination by his former employer. The result was that, although the jury had been told appellee's version of why he was fired, appellants were not allowed *1243 to introduce into evidence Progressive's letter terminating appellee because of his poor driving record.
This exclusion was highly prejudicial. Appellee voluntarily injected the method of, and reason for, his termination by his answers, quoted above, which went beyond what was required in response to the questions posed on cross-examination. Once this issue was injected, the trial court's pretrial ruling on motion in limine became a nullity. The jury was entitled to infer from appellee's answers that he had been fired because of his injuries resulting from the accident. Thus, the issue of Johnson's termination became highly material, and the termination letter presenting another side of that issue should have been admitted.
Accordingly, the judgment below is reversed and the cause remanded for new trial in accordance herewith.
SHIVERS and ZEHMER, JJ., concur.
NOTES
[1] Appellee's attorney asked him about certain driving awards he had received and then, apparently unexpectedly, asked him whether he was charged with any traffic violations in the April 14, 1982, accident. Appellee responded in the negative. Appellants' counsel objected and moved for a mistrial. The court struck the question and answer regarding whether or not a citation had been received by appellee as a result of the accident and instructed the jury not to consider or discuss the question and answer.
[2] Eggers v. Phillips Hardware Company, 88 So.2d 507 (Fla. 1956); Riedel v. Driscoll, 124 So.2d 42 (Fla. 1st DCA 1960); Volk v. Goetz, 206 So.2d 250 (Fla. 4th DCA 1967); Royal Indemnity Company v. Muscato, 305 So.2d 228 (Fla. 4th DCA 1974).
[3] The tentative ruling which the trial court adopted as its final ruling is found in the court's Exhibit "A", entitled "MEMORANDUM RE: Motion in Limine Hearing," and states, inter alia:

At the hearing held on plaintiff's motion in limine on April 5, 1984, the Court indicated as follows:
... .
(6) The termination of the plaintiff by his employer will not be admissible for any purpose.