# STANDLEY v LINDOS RENT A CAR, et al.

## Case No. CL 88-11166 AJ

Fifteenth Judicial Circuit, Palm Beach County

May 25, 1990

### APPEARANCES OF COUNSEL

**Lucy Brown, Esquire,** for plaintiff.

**Joseph Ligman, Esquire,** for defendant.

### OPINION OF THE COURT

MARY E. LUPO, Circuit Judge.

*ORDER GRANTING PLAINTIFF'S MOTION FOR NEW TRIAL*

This case came before the court on plaintiff's motion for new trial. The court heard argument of counsel, reviewed portions of the trial transcripts, and considered the legal memoranda and case authority submitted by both parties.

It is hereby ORDERED AND ADJUDGED that plaintiff's motion for new trial is granted. The court makes the following findings:

1. Defense counsel during his opening statement informed the jury that no traffic citations were issued as a result of the motor vehicle accident. It is well-established that in a civil case, the suggestion to the jury that a driver has or has not been charged with a traffic violation in connection with a motor vehicle accident constitutes prejudicial error requiring a new trial in appropriate circumstances. *Eggers v Phillips Hardware Co.*, 88 So.2d 507 (Fla. 1956); *Moore v Taylor Concrete & Supply, Inc.*, 553 So.2d 787 (Fla. 1st DCA 1989); *Ryder Truck Rental, Inc. v Johnson*, 466 So.2d 1240 (Fla. 1st DCA 1985); *Albertson v Stark*, 294 So.2d 698 (Fla. 4th DCA 1974); *Royal Indemnity Co. v Muscato*, 305 So.2d 228 (Fla. 4th DCA 1974), *cert. denied*, 321 So.2d 76 (Fla. 1975); *Walton v Robert E. Haas Construction Corp.*, 259 So.2d 731 (Fla. 3d DCA 1972), *cert. denied*, 265 So.2d 48 (Fla. 1972); *Volk v Goetz*, 206 So.2d 250 (Fla. 4th DCA 1967); *Riedel v Driscoll*, 124 So.2d 42 (Fla. 1st DCA 1960).

2. The court finds that counsel intentionally made the statement. He wanted to inform the jury that the collision was too minor to merit the issuance of a traffic citation. This information bolstered the defense position that the plaintiff could not have suffered severe injuries as a result of the minor collision.

3. Where the court is satisfied that counsel's statement to the jury regarding traffic citations is deliberate, intentional, and calculated to prejudice the plaintiff's position, the trial court should set the verdict aside and grant a new trial. *Albertson, supra,* at 700; *Walton, supra,* at 734.

4. Plaintiff's objection to defendant's statement was sustained. The court gave the following curative instruction:

Members of the jury, as a matter of law in this type of case, whether or not a citation is given has nothing whatsoever to do with the validity of the lawsuit, and you should totally disregard the existence or nonexistence of a citation.

Defense counsel immediately continued his argument along the same lines, advising the jury that "it was a nothing impact."

5. Upon lengthy reflection and review of the transcript, the court is concerned that the curative instruction, hastily composed by the court, addressed the "validity of the lawsuit" and not the relationship between the issuance of a citation and the severity of the impact and injuries. The curative instruction did not suffice to cure the prejudice. The jury's verdict must, therefore, be set aside and a new trial ordered. *Nadler v Home Insurance Co.*, 339 So.2d 280 (Fla. 3d DCA 1976);

*Albertson, supra,* at 699; *Walton, supra,* at 734; *Royal Indemnity Company, supra,* at 229; Ryder Truck Rental, supra, at 1241.

6. The court is cognizant of the proper scope and standard of review to be utilized in ruling upon the plaintiff's motion for new trial. In six years, the court has only once granted a motion for new trial. From the vantage point of the presiding judge, upon further reflection post-verdict, the court has deep concern that the curative instruction was inadequate to overcome the prejudice created by defense counsel's statement. The court should have granted the plaintiff's motion for mistrial. The court took a calculated risk, however, that the comment would not affect the outcome of the case, and that post-verdict the plaintiff would not pursue the motion.

7. The court cannot read jurors' minds and say that "but for the error" the verdict would have been different. It is arguable whether the verdict is against the manifest weight of the evidence. It is virtually certain, however, that the verdict was influenced by consideration of matters outside the record. *Baptist Memorial Hospital, Inc. v Bell,* 384 So.2d 145 (Fla. 1980). Under the facts of this particular case, the harmful effect of counsel's improper argument was most likely not cured or removed by the court's instruction. *Moore, supra,* at 791.

8. A new trial on both liability and damages is required where liability was not unequivocally established and where an inadequate damage award represents a possible compromise verdict on the issue of liability. Where issues of liability and damages are inseparable, a new trial must be ordered on both issues. *Brooks v Holsombach,* 525 So.2d 910 (Fla. 4th DCA 1988); *Borges v Jacobs,* 483 So.2d 773 (Fla. 3d DCA 1986). In this case, plaintiff was prejudiced on both liability and damages because of the nature of defense counsel's argument that related the force of impact and severity of damages to the officer's failure to issue a citation.

The case will be reset for jury trial by separate court order.

The court reserves jurisdiction to enter further orders as may be necessary.

DONE AND ORDERED this 25th day of May, 1990 in chambers at West Palm Beach, Palm Beach County, Florida.